Strafford,
Mar. 2, 1948. } No. 3713.

STATE *v.* FRANCIS BURLEY.

*Frank W. Peyser*, County Solicitor (by brief and orally), for the State.

*Robert J. Doyle* and *John McLaughlin* (*Mr. Doyle* orally), for the defendant.

JOHNSTON, J. It is not disputed that the State established the *corpus delicti*, the basic facts necessary to prove the commission of the crime charged. The defendant does insist that it was not proven beyond a reasonable doubt that he was the or an offender.

It was shown that the defendant had the opportunity. He lived at No. 1 Main Street. He was seen in the Ramble Inn between the hours of two and three o'clock A. M. on the night of the crime. This diner is located on the Square in Dover.

On cross-examination counsel for the defense emphasized the limited size of the cellar window of entry and the difficulty of making an entry through it. It appeared in evidence that the defendant was a professional boxer. The jury saw both him and the premises and could well decide whether he had the physical ability to effect the entry.

The State sought to establish defendant's guilt by identifying human fecal matter that was found on the insteps of both of his rubbers which lay beside the bed where he slept at his home the morning after the crime with such matter smeared and tracked over the cellar floor of the store and bearing the imprint of a rubber. The State's expert, a lieutenant of the State Police, testified that the markings or striations in the imprint on the floor were consistent with those on the rubber. 31 A. L. R. 204. Cross-examination of the two samples of matter from the rubbers and the floor showed them to be alike in consistency, color and odor. Microscopic analyses established identity of content of certain undigested materials as follows: (1) partially digested meat fibers with some of the connective tissue and surrounding envelope material; (2) vegetable tissue, consistent with the leaves of lettuce, cabbage or other leafy vegetables; and (3) particles of fruit hull or skin. The expert concluded that it was probable that the two samples came from the same person and that there was only a slim possibility that they came from different persons.

The State also introduced evidence of consciousness of guilt. The Dover chief of police testified that when questioned the morning after the crime concerning his whereabouts the night before the defendant first said that he was home shortly after midnight. After his wife had talked, he said he had been out later. Afterwards on the

same day the defendant was asked by a police officer whether he had any wooden matches because several had been found in the cellar of the store. After his denial of having any, several were found in his package of cigarettes. *State* v. *Barry*, 93 N. H. 10.

"Enough has been said, however, to indicate that the evidence, although circumstantial (see 16 C. J. *p.* 762; 20 Am. Jur., Evidence, *s.* 273 *State* v. *Thorp*, 86 N. H. 501, 510; *Ballas* v. *Company*, 90 N. H. 428) is sufficient to warrant the finding by the jury of the defendant's guilt beyond a reasonable doubt." *State* v. *White*, 91 N. H. 109, 113. "Of course each element of the offense must be shown by the requisite quantity of proof. *State* v. *Bartlett*, 43 N. H. 224, 230. But the rule does not go beyond this. It does not apply to merely evidentiary facts. The evidence of any of these is to be weighed for what it is worth, in ascertaining whether there is sufficient proof of the essential facts. *State* v. *Smith*, 32 Me. 369." *State* v. *Kilcoyne*, 82 N. H. 432, 433. See also, *State* v. *Barry, supra,* 13.

After hearing all the evidence, the jury could find beyond a reasonable doubt that the defendant was guilty.

*Exceptions overruled.*

All concurred.