Strafford
No. 7096

STATE OF NEW HAMPSHIRE

v.

RICHARD WALBRIDGE

July 30, 1976

*David H. Souter,* attorney general, and *Peter W. Heed,* attorney *(Mr. Heed* orally), for the State.

*Mullaney & Richardson (Mr. Stanley J. Mullaney* orally) for the defendant.

LAMPRON, J. Indictment for leaving the scene of an accident causing personal injuries without complying with the requirements of RSA 262-A:67 (Supp. 1975). Trial by jury before *Mullavey,* J., resulted in a verdict of guilty. Defendant's exceptions were reserved and transferred. The issue on this appeal is whether the defendant was prejudiced by the fact that the county

attorney asked him on cross-examination how much he had had to drink on the day of the incident.

About 7:00 p.m., on March 28, 1973, the automobile driven by the defendant was in collision with a motorcycle at the intersection of South Main and Academy Streets in Rochester. The two riders on the motorcycle were thrown to the pavement with resulting injuries. The defendant failed to stop his car at the scene of the accident and give the required information. RSA 262-A:67 (Supp. 1975). He continued on his way to his residence. A motorist pursued and stopped the defendant and brought him back to the scene of the accident. He was placed under arrest by a police officer who was there investigating the accident. The officer testified that he arrested the defendant for driving under the influence of intoxicating liquor. The defendant on cross-examination admitted that fact without objection. The defendant later testified that this charge was dismissed.

The sole exception with which we are concerned is to the overruling of defendant's objection to the following question asked him on cross-examination by the State: "How much did you have to drink that day, Mr. Walbridge?" He answered this and related questions. The defendant analogizes this situation to the prejudicial introduction into evidence of prior convictions of crimes to establish guilt or to show that a defendant would be likely to commit the crime for which he is being tried. *State v. Cote,* 108 N.H. 290, 294, 235 A.2d 111, 114 (1967).

The question relating to his drinking was material on defendant's state of mind. *State v. Cote, supra* at 295, 235 A.2d at 114. It could also supply a motive for leaving the scene of the accident and driving to his home. We hold that on the state of the record defendant was not prejudiced by this question about his drinking on that day. *State v. Bell,* 112 N.H. 444, 449, 298 A.2d 753, 757 (1972).

*Exceptions overruled.*

All concurred.