Rockingham
No. 78-272

SYBIL V. YANCEY

v.

HENRY B. YANCEY

March 30, 1979

*John J. Wholey*, of Portsmouth, for the plaintiff, waived brief and oral argument.

*Fisher, Parsons, Moran & Temple*, of Dover (*Robert E. Fisher* orally), for the defendant.

MEMORANDUM OPINION

Defendant in this divorce matter filed a petition for modification of a support order and for enforcement of visitation and communication

rights with his children. He filed a motion to discover correspondence from the plaintiff which is in the files of the New Hampshire Probation Department and which the department has refused to disclose. Even though there was no objection by either the plaintiff or the probation department, his motion was denied without a hearing by *King*, J., who transferred his exceptions.

■ Although a motion upon which the opposing party does not request a hearing may be acted on under Superior Court Rule 58, RSA 491: App. R. 58 (Cum. Supp. 1978), the motion cannot be denied without giving the movant a chance to be heard.

■■ This State takes a liberal view of discovery. Absent some privilege and subject to control to prevent harassment, full discovery is favored even against third parties and State agencies. *See Scontsas v. Citizens Insurance Co.*, 109 N.H. 386, 253 A.2d 831 (1969); *Marceau v. Orange Realty Inc.*, 97 N.H. 497, 92 A.2d 656 (1952); *Lefebvre v. Somersworth Shoe Co.*, 93 N.H. 354, 41 A.2d 924 (1945). There is no suggestion that any letters from plaintiff in the files of the probation department are privileged or that any harassment is involved. The letters may contain information relevant to the issues of visitation rights and the financial condition of the plaintiff. No reason has been advanced why the motion should not have been granted and we perceive none.

Defendant's exception is sustained and his motion is granted.

> *Exception sustained; motion for discovery granted; compliance within twenty days of the date hereof.*

DOUGLAS, J., did not sit.