Merrimack
No. 79-167

VALERIE MACNEIL

v.

DONALD MACNEIL

December 28, 1979

*Bruce E. Friedman*, of Concord, by brief, for the plaintiff.

*Donald MacNeil*, of Barnstead, by brief, pro se.

PER CURIAM.    The principal issue in this divorce case is whether the full text of a probation department report and a report of the division of welfare concerning child custody and visitation should be turned over to the defendant. In 1977 the plaintiff filed for a divorce but permitted the defendant to visit their two minor children. Later the plaintiff refused defendant visitation rights, and the court on January 17, 1978, ordered the New Hampshire Division of Welfare to conduct an investigation of custody and visitation. A full hearing on both the divorce and the issues of custody and visitation was held on August 27, 1978. The Master (*William E. Lovejoy*, Esq.) recommended that the divorce be granted, that permanent custody be awarded to the plaintiff, and that the visitation issue be referred to the New Hampshire Probation Department. The superior court approved the master's report and later amended it to permit the defendant to visit his children on a trial basis. Prior to the expiration of the trial visiting period, defendant requested copies of the probation and welfare division reports pursuant to superior court rule 114 (now rule 112) which provides in part:

> In all civil actions, including libels for divorce, in which a report of a Probation Officer has been ordered by the Court, the report will be examined by the Court at such time in the course of the proceedings as the Court deems proper, and the substance of the report will be revealed to counsel for each party at the time of such examination by the Court. Each party will be afforded a reasonable opportunity to rebut any material matters contained in any probation report. The Court may withhold the identity of the sources of information on which such report is based.

Although the full texts of the reports were not provided to the defendant, summaries were given to him. These included the recommendations that the defendant have no visitation rights. Defendant's exceptions to the denial of his request for the full texts and to the order relating to visitation were transferred by *DiClerico*, J.

■ In *Yancey v. Yancey*, 119 N.H. 197, 399 A.2d 975 (1979), this court noted its liberal view of discovery and permitted access to letters in a probation department file concerning a divorce case. In the present case, in light of the medical and psychiatric histories, the summaries of the reports provided to the defendant adequately apprised him of the position of the two State agencies, as well as of the rationale for the recommended denial of visitation.

■ This court recognizes the importance of the rights of parents, *State v. Robert H.*, 118 N.H. 713, 393 A.2d 1387 (1978), but such rights are not unlimited. The trial court has not permanently denied visitation rights; rather it has concluded that a trial period based upon terms and conditions set by the New Hampshire Probation Department must first run its course. On the facts of this case such an order was reasonable.

We accordingly find no error below, especially keeping in mind the best interests of the children. *See Houde v. Beckmeyer*, 116 N.H. 719, 721, 366 A.2d 504, 506 (1976).

*Exceptions overruled.*