Merrimack
No. 82-213

## THE STATE OF NEW HAMPSHIRE

v.

## EDWARD FIELDERS

December 27, 1983

*Gregory H. Smith*, attorney general (*Peter W. Mosseau*, assistant attorney general, on the brief), by brief for the State.

*James E. Duggan*, appellate defender, of Concord, by brief for the defendant.

KING, C.J.   The defendant appeals his conviction of attempted first degree assault. RSA 631:1 (Supp. 1983); RSA 629:1. The sole issue raised on appeal is whether the doctrine of collateral estoppel precluded the State from relitigating at the defendant's trial an issue which had been previously resolved against the State. We affirm.

The evidence introduced at the defendant's trial for attempted first degree assault tended to establish the following. On March 21, 1981, the defendant, Edward Fielders, went to the home of Donald Anderson. Fielders had been drinking, and the two men began to argue about one of Anderson's sons. Anderson asked, and then ordered, the defendant to leave his home. When Fielders refused to leave, Anderson reached for the telephone to call the police. Becoming angry, the defendant produced a gun and pointed it at Ander-

son's head. A struggle ensued, and the defendant's gun discharged, lodging a bullet in the floor. Finally, a neighbor, summoned to the house by a friend of Anderson who was present during the altercation, intervened and persuaded the defendant to leave. The defendant was later arrested and charged with carrying a loaded revolver without a license, RSA 159:4, and attempted first degree assault, RSA 631:1 (Supp. 1983); RSA 629:1.

Prior to his trial in superior court on the attempted first degree assault charge, the defendant was tried and acquitted in the Franklin District Court (*Mahan*, S.J.) on the charge of carrying a loaded revolver without a license. Based upon his acquittal, the defendant filed a motion *in limine*, prior to the commencement of his assault trial, to preclude the State from introducing evidence to show that his gun was loaded. During the hearing conducted on this motion, the defendant's attorney represented to the Superior Court (*Nadeau*, J.) that, upon finding the defendant not guilty of carrying a loaded revolver without a license, the district court judge had stated that his decision was based upon the failure of the State to present any evidence as to whether the defendant's gun was loaded. The defendant's attorney argued, therefore, that the doctrine of collateral estoppel precluded the State from relitigating, at the defendant's assault trial, an issue which had been conclusively resolved against the State in the prior district court proceeding.

The court denied the defendant's motion, subject to his exception. The defendant was then tried in Superior Court (*Cann*, J.), before a jury, and convicted. He appeals, claiming that the court erred in denying his motion *in limine*.

■ The doctrine of collateral estoppel is embodied within the double jeopardy clauses of the Fifth Amendment to the United States Constitution and part one, article 16 of the New Hampshire Constitution. *Ashe v. Swenson*, 397 U.S. 436, 445 (1970); *Benton v. Maryland*, 395 U.S. 784, 794 (1969); *State v. Hogg*, 118 N.H. 262, 264-66, 385 A.2d 844, 846-47 (1978). The defendant has raised both provisions on appeal, and we find his right to collateral estoppel protection under the State Constitution, in this instance, to be no greater than his right under the Federal Constitution. Therefore, we will refer to federal cases for guidance in interpreting our State Constitution. *See State v. Ball*, 124 N.H. 226, 233, 471 A.2d 347, 351 (1983).

■ Collateral estoppel, as defined by the United States Supreme Court in *Ashe v. Swenson*, 397 U.S. 436 (1970), "means simply that when an issue of *ultimate* fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Id.* at 443 (empha-

sis added). In *Ashe*, the Supreme Court mandated, by definition, that in order to preclude the relitigation of specified facts in a subsequent proceeding, those facts, as determined in the first proceeding, must be facts upon which the earlier verdict ultimately depended. The court failed, however, to enunciate whether the application of collateral estoppel also requires that those facts to be precluded be "ultimate" facts in the second proceeding.

In the instant case, the defendant was charged with two separate offenses, both arising out of the same underlying incident: carrying a loaded revolver without a license, RSA 159:4, and attempted first degree assault, RSA 631:1 (Supp. 1983); RSA 629:1. He was tried first, in the district court, on the charge of carrying a loaded revolver without a license, and was acquitted. The fact of whether the defendant's gun was loaded was an *essential* element of the government's case in the district court. RSA 159:4. Therefore, in order to obtain a conviction, the State had to prove *beyond a reasonable doubt* that the defendant's gun was loaded. *See State v. Goodwin*, 118 N.H. 862, 866, 395 A.2d 1234, 1236 (1978). The parties agree, and the State notes explicitly in its brief, that the acquittal of the defendant in the district court was due to the State's failure at trial to prove that the revolver in question was loaded. The State concedes that the district court judge, at the time of his verdict, expressly acknowledged this very factor as the basis for his finding.

■ Prior to his trial in superior court, on the attempted first degree assault charge, the defendant therefore filed a motion *in limine* seeking to preclude the State, on the basis of the doctrine of collateral estoppel, from relitigating the issue of whether his gun was loaded, an issue of "ultimate" fact which he contended had been *finally* resolved against the State by the district court. We conclude, on the facts as presented, that the doctrine of collateral estoppel did not apply in this instance and that the superior court correctly ruled that the State was not barred from relitigating the issue in the assault case.

■ We base our holding on the fact that the State, the party against whom preclusion is sought, had a substantially heavier burden of proof with respect to the issue in its initial prosecution of the defendant than in its subsequent assault case. *Cf.* RESTATEMENT (SECOND) OF JUDGMENTS § 28(4) at 273 (1982). The fact whether the defendant's gun was loaded was not an essential element of the State's attempted assault case, but rather only an "evidentiary" fact. The burden of proof facing the State on this issue, therefore, was significantly lower than its burden in the first trial. *See State v.*

*Palumbo,* 113 N.H. 329, 330, 306 A.2d 793, 795 (1973) (evidentiary fact relied upon by the State need not be proven beyond a reasonable doubt); *State v. Burley,* 95 N.H. 77, 79, 57 A.2d 618, 619 (1948) (mere evidentiary facts need not be established beyond a reasonable doubt since evidence of such facts is to be weighed for what it is worth in ascertaining whether there is sufficient proof of the essential facts).

■■ In order to convict the defendant of merely attempting an assault, the State was not required to prove *beyond a reasonable doubt* that the defendant's gun was *loaded,* something which it had previously failed to do. "Certainly where an issue has been determined in a prior prosecution, the State is barred from bringing any subsequent prosecution in which a different determination of that issue is necessary to prove the offense charged." *Wingate v. Wainwright,* 464 F.2d 209, 213 (5th Cir. 1972). In this instance, however, it does not logically follow that, because the State was unable, in the defendant's first trial, to prove *beyond a reasonable doubt* that the defendant's gun was loaded, the State would also be unable, in its subsequent case, to prove that very same fact by a *preponderance of the evidence.*

■ A consideration of the State's burden of proof convinces us that there is a meaningful difference in the State's ability to relitigate a settled "ultimate" fact issue, depending upon whether the issue to be relitigated in the second prosecution is one of "ultimate" fact or merely one of "evidentiary" fact. *Contra United States v. Lee,* 622 F.2d 787, 790 (5th Cir. 1980), *cert. denied,* 451 U.S. 913 (1981); *Wingate v. Wainwright,* 464 F.2d 209, 213–14 (5th Cir. 1972); *United States v. Kramer,* 289 F.2d 909, 915–16 (2d Cir. 1961). We refuse to expand the perimeters of the United States Supreme Court's decision in *Ashe v. Swenson,* 397 U.S. 436 (1970), which dealt with the relitigation of an issue which was an "ultimate" fact in both proceedings, to allow collateral estoppel to bar the relitigation of an "ultimate" fact in a subsequent prosecution in which that same fact is now only an "evidentiary" fact, with a significantly lower burden of proof.

*Affirmed.*

All concurred.