Rockingham
No. 83-253

## THE STATE OF NEW HAMPSHIRE

v.

## SCOTT SEFTON

October 4, 1984

*Gregory H. Smith*, attorney general (*Gregory W. Swope*, assistant attorney general, on the brief, and *Robert B. Muh*, attorney orally), for the State.

*Joanne S. Green*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

SOUTER, J.  The defendant was prosecuted for violation of RSA 264:25, I, requiring certain action by the driver of a vehicle who knows that he has been involved in an accident. Before trial, he sought a ruling *in limine* to exclude evidence of intoxication. The Superior Court (*Nadeau*, J.) first granted the motion, but on the State's motion for reconsideration the court vacated the order and deferred further ruling on the issues of admissibility until time of trial. At trial the Superior Court (*Bean*, J.) overruled the defendant's objections to the admission of evidence of drinking before the accident. Following a verdict of guilty, the defendant appeals these adverse rulings. We affirm.

The record indicates that in Hampton on March 6, 1982, at 6:50 p.m. the defendant was driving a car containing a sleeping passenger, when he struck and killed an individual standing in the breakdown lane of Route 51. The defendant testified at trial that he believed he had hit something but could not find anything after turning the car around to examine the side of the road. He then returned to Amesbury, Massachusetts, where he and his passenger lived. There they noticed damage to the front of the car on the passenger side. The defendant, his passenger and a third person went to the Amesbury police station, where their conversation about an accident led the officer on duty to refer them to the police department back in Hampton.

The three men arrived at the Hampton police station at 8:35 p.m., and gave a confused account of an accident that had damaged the defendant's car. The police officer with whom they spoke noticed the

odor of alcoholic beverage coming from the defendant. It soon became apparent to the officer that the defendant had been involved in the accident on Route 51, which by then was under investigation. Shortly thereafter the police arrested the defendant and charged him with driving while under the influence of intoxicating liquor, RSA 265:82, negligent homicide, RSA 630:3, and the offense in question here, the violation of RSA 264:25, which prescribes certain conduct by a driver who knows he has been in an accident resulting in death.

The State later entered *nolle prosequi* to the charge of negligent homicide, and the Hampton District Court found the defendant not guilty of driving while under the influence. At that trial, the State had introduced the results of a breathalyzer test of the defendant's breath, taken at the Hampton police station. A witness had then given an opinion about the defendant's blood alcohol content at the time of the accident. The district court found that the witness' lack of knowledge about the defendant's weight and other factors precluded a reliable conclusion, and he rejected the opinion as speculation.

At the defendant's trial for the violation of RSA 264:25, I, the State introduced evidence that the defendant had been drinking before the accident. The defendant urges us to find error in the superior court's receipt of such evidence, and in the procedure it followed in refusing to exclude such evidence in advance of trial.

■■ The defendant first argues that any evidence tending to indicate consumption of alcohol and intoxication was inadmissible on the ground of collateral estoppel. The rule of collateral estoppel is mandated by part I, article 16 of the Constitution of this State and by the fifth and fourteenth amendments to the Constitution of the United States as a corollary of the right to be free of double jeopardy. Under this rule, in criminal cases, "when an issue of *ultimate* fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *State v. Fielders*, 124 N.H. 310, 312, 470 A.2d 897, 898 (1983) (quoting *Ashe v. Swenson*, 397 U.S. 436, 447 (1970), with emphasis supplied).

■■ An ultimate fact that must be proven beyond a reasonable doubt under one criminal charge is to be distinguished, however, from a merely evidentiary fact that is relevant but not required to be proven under a different criminal charge. We recognized this distinction in *Fielders* by holding that the rule of collateral estoppel does not forbid the relitigation of an issue as one of evidentiary fact,

even though the State had lost on the same issue as one of ultimate fact to be proven beyond a reasonable doubt in a prior trial.

This case is on all fours with *Fielders*. In the trial in the district court the State was obligated to prove beyond a reasonable doubt, as an ultimate fact, that the defendant had driven the car while under the influence of intoxicating liquor. The written verdict of the district court indicates clearly that the State failed to carry that burden. In the present case, however, the State had no such burden. Rather, it introduced evidence tending to prove the defendant's drinking and the influence of liquor on him for the purpose of indicating a motive to depart without reporting the accident. *See State v. Walbridge*, 116 N.H. 425, 362 A.2d 207 (1976). Proof of his condition was proof of a relevant, though not necessary, evidentiary fact. *Fielders* held that the rule of collateral estoppel does not preclude the admission of such evidence. The admission of the evidence subject to objection in this case did not, therefore, violate the rule.

The defendant raises an alternative ground to find error in the admission of the evidence of drinking, when he argues that the evidence was inadmissible as more prejudicial than probative. Though the requirement that the probative value of evidence outweigh its prejudicial tendency is fundamental, *State v. Dustin*, 122 N.H. 544, 446 A.2d 1186 (1982), the defendant did not raise that issue in support of any objection to the evidence in question during the trial. It is therefore untimely to raise it now. *State v. Fournier*, 123 N.H. 777, 465 A.2d 898 (1983). The defendant has lost nothing by this ruling, however. There is no plausible basis to invoke the rule of undue prejudice in this case, for the defendant cannot claim that the evidence has only slight probative value. Although the district court rejected the expert witness' opinion about blood alcohol at the time of the accident, and although the court found the evidence insufficient to prove that the defendant had been under the influence, the court did not find anything speculative or untrustworthy about the evidence that was presented. There is no indication that the superior court should have treated such evidence as any the less worthy of consideration.

As his final assignment of error, the defendant presses his objection to the court's decision to vacate its earlier order *in limine* excluding the evidence in question. The court did so in response to the State's motion for reconsideration, in which the State first urged the relevance of motive as a basis to admit the evidence. Though the court had heard the defendant before the first ruling on the motion, it did not hear him again on the motion for reconsideration. The defendant argues that the court violated the rule enunciated in

*Yancey v. Yancey*, 119 N.H. 197, 399 A.2d 975 (1979), that "[a]l-though a motion upon which the opposing party does not request a hearing may be acted on under Superior Court Rule 58, the motion cannot be denied without giving the movant a chance to be heard." *Id.* at 198, 399 A.2d at 976.

*Yancey*, however, is not on point. The moving party in that case sought discovery, and the denial of his motion was a final response on the merits. The issue raised by the motion in this case was the admissibility of certain evidence. When the court vacated its first order and declined to rule *in limine*, it did not purport to resolve the issue of admissibility. It expressly left that issue for ruling at the trial. The ruling was not, therefore, a final determination of the issue, and it was within the court's discretion to let the final ruling await the trial.

*Affirmed.*

All concurred.