Hillsborough-northern judicial district
No. 92-171

THE STATE OF NEW HAMPSHIRE

v.

CLEO ROY

December 21, 1993

*John P. Arnold*, attorney general (*John A. Curran*, attorney, on the brief and orally), for the State.

*Timothy M. Landry*, assistant appellate defender, of Concord, on the brief and orally, for the defendant.

### MEMORANDUM OPINION

BROCK, C.J.    The Superior Court (*Dalianis*, J.) denied the defendant's petition for a sentence suspension without holding an evidentiary hearing. The defendant appeals. We affirm.

The defendant, Cleo Roy, pled guilty to second degree murder in 1976 and was sentenced to a term of fifty years to life in prison. *See State v. Roy*, 118 N.H. 2, 381 A.2d 1198 (1978); *Roy v. Perrin*, 122 N.H. 88, 441 A.2d 1151 (1982). In 1991, the defendant, who was serving his sentence in an Illinois prison, filed a *pro se* "motion for sentence modification," treated by all parties as a petition to suspend sentence pursuant to RSA 651:20 (Supp. 1992). The defendant requested that counsel be appointed, and that he be transported to New Hampshire for a hearing upon his motion. Shortly thereafter,

the defendant filed a four-page letter explaining why he believed he should be granted relief.

Prior to the issuance of our decision in *State v. Gibbons*, 135 N.H. 320, 605 A.2d 214 (1992), the trial court appointed counsel for the defendant. A conference was held in chambers, at which the superior court ruled, over the defendant's objection, that it would not transport the defendant or hold an evidentiary hearing. Noting the magnitude of the defendant's offense, the court denied the defendant's request to suspend or reduce his sentence.

The sole issue raised on appeal is whether the superior court erred in denying the defendant's request for a hearing on his motion. The defendant concedes that RSA 651:20 is silent as to whether a hearing is required where the defendant may be present and address the court. In his brief, the defendant relies primarily upon Superior Court Rule 58 and *Yancey v. Yancey*, 119 N.H. 197, 399 A.2d 975 (1979), for the proposition that a motion cannot be denied without first giving the movant a chance to be heard.

Assuming, *arguendo*, that this argument was properly preserved for appeal and that both Rule 58 and *Yancey* apply to petitions filed pursuant to RSA 651:20, we note that *Yancey* was decided prior to the 1989 amendment to Superior Court Rule 58 that requires a party requesting oral argument or an evidentiary hearing on any motion to set forth by memorandum, brief statement, or written offer of proof the reasons why the oral argument or evidentiary hearing will further assist the court in determining the pending issues. The 1989 amendment clearly implies that the superior court now has discretion to deny a requested oral argument or evidentiary hearing if the proffered reasons for holding such a hearing are insufficient. In addition, although *Yancey* provided that the movant should be given "a chance to be heard," 119 N.H. at 198, 399 A.2d at 976, *Yancey* does not state that a movant must be given an *evidentiary* hearing. We note that the superior court not only had before it the defendant's motion for sentence modification and the defendant's four-page personal letter in support thereof, but the court also held a chambers conference on the record with counsel for the defendant and the State in attendance, at which the defendant's counsel was permitted to set forth the facts that he believed entitled his client to an evidentiary hearing.

After review of the record before us, we conclude that the defendant has demonstrated neither legal error nor an abuse of discretion by the superior court. Accordingly, we affirm.

*Affirmed.*

All concurred.