Durham District Court
No. 94-758

THE STATE OF NEW HAMPSHIRE

v.

SHELDON CASSADY

July 24, 1995

*Jeffrey R. Howard*, attorney general (*John A. Stephen*, assistant attorney general, on the brief and orally), for the State.

*Brennan, Caron, Lenehan & Iacopino*, of Manchester (*Michael J. Iacopino* and *Timothy I. Robinson* on the brief, and *Mr. Iacopino* orally), for the defendant.

BROCK, C.J. The Durham District Court (*Shaheen*, J.) transferred without ruling the following issue:

> Whether the doctrine of collateral estoppel as guaranteed by part 1, article 16 of the New Hampshire Constitution and the fifth and fourteenth Amendments to the United States Constitution prevents the State from relitigating issues of fact previously decided in the defendant's favor in a prior [administrative license suspension] hearing held in accordance with RSA 265:91-b?

We hold that it does not.

The defendant, Sheldon Cassady, is charged with driving under the influence of liquor, RSA 265:82 (1993 & Supp. 1994). On May 27, 1994, Officer Bobby Joslin of the Durham Police Department was dispatched to the scene of a single-car accident in Durham. When he arrived, he met the defendant, the driver of the car. After noticing an odor of alcoholic beverages, Officer Joslin asked the defendant to perform certain field sobriety tests, which, in Officer Joslin's opinion, the defendant failed. Officer Joslin also asked the defendant to submit to a blood alcohol test, but the defendant refused. The defendant was charged with driving under the influence of liquor.

In accordance with RSA 265:91-a (1993 & Supp. 1994), Officer Joslin notified the department of safety of the defendant's refusal to submit to a blood alcohol test and sought the administrative

48

suspension of the defendant's license. The defendant requested a hearing to review the suspension pursuant to RSA 265:91-b (1993 & Supp. 1994). After an administrative hearing, the hearing examiner ruled that the State had "failed to meet its burden of proof to provide sufficient *facts* to support an independent finding that the ·Officer had a reasonable basis to believe that the [defendant] was operating a motor vehicle when under the influence of alcohol or drugs." *See* RSA 265:91-b, II (1993 & Supp. 1994).

The defendant then moved to dismiss the charge of driving under the influence of liquor. He argued that the doctrine of collateral estoppel prevents the State from relitigating whether he drove a motor vehicle under the influence of intoxicating liquor. The State objected to the motion, and the district court authorized this interlocutory transfer.

The defendant contends that the doctrine of collateral estoppel, as embodied in part I, article 16 of the New Hampshire Constitution and the fifth and fourteenth amendments of the United States Constitution, prevents the State from relitigating factual issues resolved in his favor by the administrative review proceedings. We begin our analysis of this issue under the New Hampshire Constitution, *State v. Ball*, 124 N.H. 226, 231, 471 A.2d 347, 350 (1983), citing decisions of the United States Supreme Court only as an aid to our analysis. *See Michigan v. Long*, 463 U.S. 1032 (1983). Because the Federal Constitution provides no greater protection to the defendant than does the State Constitution in this area, we need not undertake a separate federal analysis. *Cf. State v. Fielders*, 124 N.H. 310, 312, 470 A.2d 897, 898 (1983).

Collateral estoppel is one aspect of the State and federal constitutional protections against double jeopardy. *Fielders*, 124 N.H. at 312-13, 470 A.2d at 898-99; *see Ashe v. Swenson*, 397 U.S. 436, 443 (1970). Once an issue of ultimate fact has been determined by a valid and final judgment, that issue cannot be litigated between the same parties in any future lawsuit. *Fielders*, 124 N.H. at 312, 470 A.2d at 898. Application of the doctrine of collateral estoppel is not constitutionally mandated, however, when the first proceeding is civil, rather than criminal. *See State v. Collins*, 133 N.H. 609, 612, 581 A.2d 69, 70 (1990).

To determine whether the administrative license suspension hearing is civil or criminal, we first look to the intent of the legislature. *State v. Fitzgerald*, 137 N.H. 23, 26, 622 A.2d 1245, 1247 (1993). The statutory provisions creating the administrative license suspension process, *see* RSA 265:91-a to :91-d, contain no indication that the legislature intended the process to be criminal in nature. In

fact, it is clear that the legislature intended the process to operate independently of any criminal charges arising out of the same event. *See, e.g.*, RSA 265:91-c (1993).

We also consider whether the penalty imposed as a result of a proceeding is so punitive that it must be considered criminal punishment for purposes of the double jeopardy clause. *See Fitzgerald*, 137 N.H. at 25-26, 622 A.2d at 1246. We do not believe that the suspension of a driver's license falls into this category. The primary goal of the administrative license suspension process is to remove irresponsible drivers from the State's highways as quickly as possible to protect the public. *Accord State v. Maze*, 825 P.2d 1169, 1174 (Kan. Ct. App. 1992). We have previously recognized that the suspension of a driver's license, when effected for this purpose, is not criminal punishment, but is remedial in nature. *See Fitzgerald*, 137 N.H. at 28, 622 A.2d at 1248.

We note that courts in other jurisdictions generally have held that proceedings to determine whether to suspend a driver's license are civil or administrative, not criminal. *See Maze*, 825 P.2d at 1174; *Johnson v. State*, 622 A.2d 199, 202 (Md. Ct. Spec. App. 1993).

 We conclude that the administrative review hearing was a civil proceeding, and therefore, that application of the doctrine of collateral estoppel is not constitutionally mandated. For this reason, whether the doctrine should be applied is a question of common law. *Collins*, 133 N.H. at 612, 581 A.2d at 70. In determining whether to apply the doctrine, we weigh the policy considerations supporting its application against the policy considerations opposing it. *State v. Johnson*, 134 N.H. 498, 503, 594 A.2d 1288, 1292 (1991); *Collins*, 133 N.H. at 612-13, 581 A.2d at 70.

 In our view, the considerations supporting application of the doctrine—consistency of results and conservation of judicial resources—are outweighed by the policy considerations on the other side. The primary consideration opposing application of the doctrine is the adverse effect that it likely would have on the administrative license suspension process. The administrative review hearing was designed to afford due process, to be informal, and to provide a prompt determination of whether there are grounds to suspend a driver's license. If we were to hold the doctrine of collateral estoppel applicable to later criminal proceedings, the State would be forced to litigate thoroughly every fact at issue in an administrative license suspension proceeding. This would undermine the goal of providing informal and prompt review of a decision to suspend a driver's license. In addition, the public has an interest in seeing that criminal laws such as RSA 265:82, which are intended to operate

independently of the administrative review process, are enforced. For these reasons, we decline to apply the doctrine of collateral estoppel in these circumstances.

The defendant argues that the State's prosecution for driving under the influence is unconstitutional in that the administrative license proceeding was a "prosecution," and that the double jeopardy protection of both constitutions bars a second prosecution. He also contends that the State's prosecution of the driving under the influence charge is a second attempt by the State to impose criminal punishment.

■ We will consider the defendant's contentions under the State Constitution. *Ball,* 124 N.H. at 231, 471 A.2d at 350. Because the Federal Constitution offers no greater protection on this issue than the State Constitution, we make no separate federal analysis. *Fitzgerald,* 137 N.H. at 26, 622 A.2d at 1247. We have already ruled that an administrative review hearing in accordance with RSA 265:91-b is not a criminal proceeding and that the sanction of license revocation is not criminal punishment for purposes of double jeopardy. Accordingly, we hold that the State's prosecution of the defendant for driving under the influence of liquor is not barred by the double jeopardy clause of the State or Federal Constitution.

*Remanded.*

All concurred.