UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE

Robert Hurlburt,
     Petitioner

     v.                                        Civil No. 95-442-M

Michael Cunningham,
Warden of the N.H. State Prison,
     Respondent

ORDER

Respondent, the Warden of the New Hampshire State Prison, moves to dismiss Robert Hurlburt's petition for writ of habeas corpus. He claims that Hurlburt has not fairly presented the issues raised in the petition to the state courts and that Hurlburt has failed to exhaust available state avenues of relief.

Hurlburt's claim is limited; he says that he was deprived of rights to due process guaranteed him by the United States Constitution when the New Hampshire Superior Court denied his application for suspension of his state criminal sentence. See N.H. Rev. Stat. Ann. ("RSA") Ch. 651:20 (1994). He asserts that

the state court was obligated, at a minimum, to afford him an evidentiary hearing on his motion for post-conviction relief because he had relevant evidence and testimony regarding his "good institutional record and other mitigating information as reasons for suspension of a portion of his sentence." Attachment to Petition for Habeas Corpus at 2. Hurlburt also complains that the New Hampshire Supreme Court deprived him of federal constitutional rights when it declined to hear his appeal from the trial court's denial of his application for sentence suspension.

At the outset, it would seem that Hurlburt has no state due process right to an evidentiary hearing (or to a personal appearance in state court) relative to a suspension petition filed under RSA 651:20. See State v. Gibbons, 135 N.H. 320 (1992); State v. Roy, 138 N.H. 97 (1993). In any event, it is clear that at the state level Hurlburt did not claim any federal constitutional right to either: (i) an evidentiary hearing before the trial court under the state statute; or (ii) consideration of his appeal by the state Supreme Court.

Review of the record shows that Hurlburt did not "fairly present" to the New Hampshire Supreme Court the federal constitutional claims he now raises in this court, either on direct appeal from the denial of his suspension application, or by way of state habeas proceedings. The exhaustion requirement applicable to habeas petitions filed in federal court by state prisoners mandates that the same issues presented in federal court must first be presented to the state courts. The exhaustion requirement is not met when a petitioner raises one issue in state court and another, distinct issue in federal court; the same claim urged in federal court must first have been fairly presented to the state courts. See Picard v. Connor, 404 U.S. 270, 275-76 (1971); Scarpa v. Dubois, 38 F.3d 1, 6 (1st Cir. 1994), cert.denied, 115 S.Ct. 940 (1995); Nadworny v. Fair, 872 F.2d 1093, 1101 (1st Cir. 1989).

Accordingly, because Hurlburt has, at the least, failed to fairly present to the state courts the issues he seeks to raise here, his petition is dismissed without prejudice for failure to exhaust state remedies.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

May 7, 1996

cc:  Jeffrey S. Cahill, Esq.
     Robert C. Hurlburt, Pro Se