Rockingham
No. 2000-468

THE STATE OF NEW HAMPSHIRE

v.

ALBERT GORDON

Argued: January 15, 2002
Opinion Issued: April 15, 2002

*Philip T. McLaughlin,* attorney general (*Nicholas Cort,* assistant attorney general, on the brief and orally), for the State.

*Sakellarios & Associates,* of Manchester (*Mary A. Barker* on the brief, and *Jean-Claude Sakellarios,* orally) for the defendant.

DUGGAN, J. The defendant, Albert Gordon, appeals his conviction for aggravated driving of an off-highway recreational vehicle while intoxicated (OHRV-DWI). RSA 215-A:11, II(a)(1) (2000). He contends that the Trial Court (*Murphy,* J.) erred in: (1) concluding that aggravated OHRV-DWI is a lesser-included offense of negligent homicide; (2) amending the jury instructions to include the lesser-included offense of aggravated OHRV-DWI after the close of the evidence, prior to final arguments; (3) denying his motion for a directed verdict on his negligent homicide indictment; (4) denying his motion for a judgment notwithstanding the verdict; (5) denying his motion *in limine* seeking to exclude evidence of his intoxication; and (6) ruling that evidence of his blood alcohol level at the time of the accident was admissible. We affirm.

The defendant was charged with negligent homicide, RSA 630:3, II (1996), by an indictment alleging that he caused the death of Raymond Baker while operating a Jeep under the influence of intoxicating liquor. Prior to trial, the defendant moved *in limine* to exclude certain evidence regarding his blood alcohol level, claiming collateral estoppel because a previous administrative license suspension (ALS) hearing determined that there was insufficient evidence of his intoxication at the time of the incident. The trial court denied the motion.

At the close of the State's case, the defendant moved for a directed verdict of acquittal on the ground that there was insufficient evidence presented to establish that the defendant's intoxication caused the accident. The court denied the motion.

The jury acquitted the defendant of the charge of negligent homicide, but convicted him of aggravated OHRV-DWI. The defendant moved for judgment notwithstanding the verdict on the ground that the evidence presented at trial was insufficient to establish that his intoxication caused the accident. The trial court denied the motion.

The first issue raised by the defendant is whether the trial court erred by instructing the jury that aggravated OHRV-DWI is a lesser-included offense of negligent homicide. It is well-established that a contemporaneous objection is required to preserve an issue for appeal, particularly where the alleged error involves a jury instruction. *See State*

*v. McCabe*, 145 N.H. 686, 690 (2001). Our review of the transcript shows that during an exchange with defense counsel about instructing the jury on aggravated OHRV-DWI, the trial judge said, "But it's—it's still a lesser included— [offense]." At that point, defense counsel responded "Yeah, but you—." The prosecution argues that this comment constituted a concession that aggravated OHRV-DWI is a lesser-included offense of negligent homicide. We need not decide whether the defendant conceded this issue, but merely whether he objected to the aggravated OHRV-DWI jury instruction on the ground that aggravated OHRV-DWI is not a lesser-included offense of negligent homicide. A fair reading of the transcript indicates that he did not. Therefore, we need not decide whether OHRV-DWI is a lesser-included offense of negligent homicide because the issue was not properly preserved for appellate review. *See State v. Goodman*, 145 N.H. 526, 531 (2000).

In discussing this issue in his brief, the defendant also suggests that the jury instructions misstated the elements of aggravated OHRV-DWI because the court should have limited the instruction on serious bodily injury to Mr. Baker's injury. Our review of the transcript indicates that the defense also failed to raise this point at trial. Therefore, we will not address this argument. *See id.*

██ The second issue raised by the defendant concerns the timing of the State's request for a jury instruction on the lesser-included offense of aggravated OHRV-DWI. The defendant argues he was prejudiced by the trial court's decision to amend the jury instructions after the close of the evidence, before final arguments. The trial court's decision to instruct a jury on a lesser-included offense depends upon two prerequisites being met. *See State v. Bruce*, 147 N.H 37, 42 (2001). First, the trial court must determine whether the lesser-included offense is statutorily included within the greater offense, and then whether the evidence introduced at trial supports a rational basis for finding guilt on that lesser-included offense. *Id.* Because the second step in the analysis requires an examination of the evidence presented at trial, whether the jury should be instructed on such an offense often can only be determined at the close of the evidence. *See id.* Thus, the initial request for jury instructions on a lesser-included offense typically cannot occur until that time and the defendant's argument that the timing of the jury instructions was improper is unfounded.

█ The defendant's third argument is that the trial court erred by denying his motion for a directed verdict on the negligent homicide indictment. We generally will refuse to review a question that no longer

presents a justiciable controversy because issues involved have become "academic or dead." *Petition of Brooks*, 140 N.H. 813, 816 (1996). We will not address whether the trial court's decision to deny the defendant's motion was in error because he was not convicted on that charge. *See State v. Burke*, 122 N.H. 565, 569 (1982). The issue is thus moot.

The fourth issue raised by the defendant is whether the trial court erred by failing to grant his motion for a judgment notwithstanding the verdict on the charge of aggravated OHRV-DWI. On a motion for judgment notwithstanding the verdict, a trial court should uphold the jury's verdict "unless no rational trier of fact could find guilt beyond a reasonable doubt, considering all the evidence and all reasonable inferences therefrom in the light most favorable to the State." *State v. O'Neill*, 134 N.H. 182, 185 (1991). Although the defense alleges that insufficient evidence was presented to establish that the defendant's alcohol-related impairment caused the collision, such a finding is not a required element of aggravated OHRV-DWI. The offense includes only three elements: (1) that the person drove, operated or attempted to operate an OHRV; (2) that he did so while under the influence of intoxicating liquor; and (3) at the time alleged, that he caused an OHRV collision resulting in serious bodily injury to the person or another. RSA 215-A:11, II(a)(1). The defendant does not contest the sufficiency of the evidence as to these elements.

The defendant's fifth argument is that the State is estopped from relitigating factual issues resolved in his favor by an administrative review proceeding and that the superior court erred in denying his motion *in limine*. The doctrine of collateral estoppel provides that once an issue of ultimate fact is determined by a valid final judgment, that issue cannot be litigated between the same parties in any future lawsuit. *See State v. Fielders*, 124 N.H. 310, 312 (1983). We have previously declined to apply the doctrine of collateral estoppel, however, to a criminal proceeding following a civil ALS hearing. Were we to hold "the doctrine of collateral estoppel applicable to later criminal proceedings, the State would be forced to litigate thoroughly every fact at issue in an administrative license suspension proceeding. This would undermine the goal of providing informal and prompt review of a decision to suspend a driver's license." *State v. Cassady*, 140 N.H. 46, 49 (1995). Therefore, the trial court properly denied the defendant's motion *in limine*.

Finally, the defendant argues that the expert evidence presented by the State on the issue of his intoxication was unreliable, inadmissible and highly prejudicial. Specifically, he challenges the admissibility of the State's evidence of his blood alcohol level at the time of the accident and his likely impairment at that level. We reiterate the requirement of a

contemporaneous objection to preserve an issue for appellate review. *See State v. Sullivan*, 142 N.H. 399, 403 (1997). Although the defendant objected to the first hypothetical posed to Dr. Novak by the State, he never challenged the line of questioning that followed, which required Dr. Novak to determine what the defendant's blood alcohol content was at 8:30 p.m. Therefore, the defendant has failed to preserve this issue for appeal.

*Affirmed.*

BRODERICK, J., sat for oral argument but did not take part in the final vote; BROCK, C.J., and NADEAU and DALIANIS, JJ., concurred.