Merrimack
No. 2005-186

THE STATE OF NEW HAMPSHIRE

v.

RANDY J. DUQUETTE

Argued: January 12, 2006
Opinion Issued: March 15, 2006

*Kelly A. Ayotte*, attorney general (*Nicholas Cort*, assistant attorney general, on the brief and orally), for the State.

*David M. Rothstein*, deputy chief appellate defender, of Concord, on the brief and orally, for the defendant.

DALIANIS, J. The defendant, Randy J. Duquette, appeals an order of the Trial Court (*Arnold*, J.) denying his petition to suspend sentence pursuant to RSA 651:20 (1996 & Supp. 2005) without first granting a hearing. We affirm in part and remand.

The record supports the following facts. On June 13, 1997, the defendant was convicted on six counts of aggravated felonious sexual assault and one count of felonious sexual assault. He was subsequently sentenced to three consecutive terms of ten to twenty years, stand committed, in the State prison, as well as three terms of ten to twenty years and one term of three-

and-one-half to seven years to run concurrently with the last of the three consecutive terms.

On November 1, 2004, the defendant, having served approximately seven-and-one-half years, or more than two-thirds, of the minimum of his first sentence, filed a motion to amend or suspend his remaining minimum and maximum sentences, citing RSA 651:20. The defendant further asserted that requiring him to serve the remaining twenty-two-and-one-half to fifty-two-and-one-half years of his accumulated sentences would be "in tension" with the Eighth Amendment to the Federal Constitution. The State objected to the motion, contending that, under RSA 651:20, the defendant could at most seek suspension of the minimum and maximum of his first sentence only, as he had not yet commenced serving the remaining sentences. Citing the severity of the defendant's crimes and his alleged lack of remorse, the State also opposed the suspension of his first sentence for lack of any rehabilitative purpose.

On November 30, 2004, the trial court denied the defendant's motion. He was not granted a hearing or provided an explanation of the denial. On appeal, the defendant argues that his motion to amend or suspend his remaining minimum and maximum sentences was timely under RSA 651:20, and that he was accordingly entitled to a hearing on the matter.

█ A trial court has broad discretion in deciding whether or not to grant a motion to suspend a sentence. *State v. LeCouffe*, 152 N.H. 148, 152-53 (2005). Therefore, a trial court's sentencing decision will be overturned only if an unsustainable exercise of discretion is found. *Id.* at 153.

We first address the timeliness of the defendant's motion. Pursuant to RSA 651:20, a sentencing court may suspend "the sentence to imprisonment of any person" in response to a timely-filed petition. RSA 651:20, I (1996 & Supp. 2005). The right to file such a petition, however, is subject to certain limitations. "Any person sentenced to state prison shall not bring a petition to suspend sentence until such person has served at least 4 years or 2/3 of his minimum sentence, whichever is greater, and not more frequently than every 3 years thereafter." RSA 651:20, I(a).

█ The defendant first contends that the word "sentence," as it is used in the term "minimum sentence" in RSA 651:20, I(a), refers to a single sentence imposed for an individual conviction, rather than the aggregate of sentences imposed for multiple convictions. Under this interpretation of RSA 651:20, I(a), the defendant would be entitled to petition the trial court for a sentence suspension after six-and-two-thirds years, or two-thirds of the minimum term of his initial ten to twenty year sentence. The State concurs with this particular aspect of the defendant's interpretation of RSA 651:20, I(a). *See State v. Horner*, 153 N.H. 306 (2006).

In the instant case, the defendant's petition to suspend was timely. We note, however, that he was entitled only to petition to suspend the remainder of his initial ten to twenty year sentence, and not the remaining sentences, for which he had yet to serve any time.

The defendant next asserts that, having filed a timely petition to suspend a sentence under RSA 651:20, I(a), he was entitled to a hearing on his petition. RSA 651:20 is silent as to whether or not a hearing is required upon the timely filing of a petition to suspend a sentence, though it does mandate dismissal, without a hearing, of all petitions not meeting the specific criteria prescribed in the statute. *See* RSA 651:20, I(d). The defendant theorizes that the inclusion of RSA 651:20, I(d) evinces a requirement that every petitioner meeting those criteria is entitled to a hearing. We disagree. At best, it reflects legislative recognition of the trial court's discretion to grant a hearing when the criteria of RSA 651:20 are satisfied.

■ The suspension of a sentence is not obligatory. *State v. W.J.T. Enterprises*, 136 N.H. 490, 496 (1992). We have held that, in light of the discretionary character of RSA 651:20, procedural due process is not applicable to sentence suspension proceedings. *State v. Gibbons*, 135 N.H. 320, 322-23 (1992); *cf. LeCouffe*, 152 N.H. at 152 (a defendant has no right to a suspension of any remaining portion of his sentence). In *State v. Roy*, 138 N.H. 97 (1993), a defendant appealed a trial court's decision to deny without a hearing his petition for sentence suspension pursuant to RSA 651:20. *Roy*, 138 N.H. at 98. We affirmed the trial court, noting that nothing in the language of RSA 651:20, pertinent Superior Court rules, or prior case law mandated such a hearing. *Id.*

■ Accordingly, we find no unsustainable exercise of discretion in the trial court's decision to deny the defendant's petition to suspend sentence without granting a hearing. However, in its order denying the defendant's petition, the trial court did not specify its reasons for doing so. Since the defendant's petition was timely for the trial court to have considered suspension of the defendant's initial ten to twenty year sentence, we remand to the trial court for the limited purpose of specifically addressing the defendant's petition to suspend his first sentence.

*Remanded.*

BRODERICK, C.J., and GALWAY, J., concurred; DUGGAN, J., concurred specially.

DUGGAN, J., concurring specially. Consistent with my special concurrence in *State v. Horner*, 153 N.H. 306 (2006), I would affirm the

denial of the petition to suspend sentence because the defendant's "minimum sentence" under RSA 651:20, I(a) should be calculated by aggregating the minimum sentences for each of the consecutive sentences. I would note that in this case, unlike in *Horner*, the effect of RSA 651:20, I(a) upon the defendant's sentence would be the same under the majority's holding as it would be under my interpretation of the statute.