# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0628, <u>Kyla Bernard-Nichols v. Director, New Hampshire Division of Motor Vehicles</u>, the court on April 16, 2025, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve the case by way of this order.  <u>See</u> <u>Sup. Ct. R.</u> 20(3).  The plaintiff, Kyla Bernard-Nichols, appeals an order of the Superior Court (<u>Kissinger</u>, J.) upholding the administrative suspension of her driver's license by the defendant, the Director of the New Hampshire Division of Motor Vehicles (DMV), for refusing to submit to a chemical concentration blood test.  <u>See</u> RSA 265-A:30, :31, :34 (2024).  We affirm.

The following facts are drawn from the trial court orders, the hearing examiner report, or are undisputed.  The plaintiff was arrested for driving while under the influence, <u>see</u> RSA 265-A:2 (2024), on January 1, 2023, and she refused to sign an administrative license suspension (ALS) form or submit to a blood test.  As a result, her license was suspended effective January 31, 2023.  <u>See</u> RSA 265-A:30, III.  On January 5, the plaintiff requested an administrative license suspension hearing.  The DMV did not receive the arresting officer's sworn report until January 23, 2023, and it did not commence the ALS hearing until February 3.  The parties do not dispute that the arresting officer submitted the ALS form and the DMV held the suspension hearing after the respective statutory and rule-based deadlines.  <u>See</u> RSA 265-A:31, I(c) (requiring an ALS hearing to be held within twenty days of a request); <u>N.H. Admin. R.</u>, Saf-C 2803.01(d) (requiring the law enforcement officer to mail the ALS form within 10 calendar days of the arrest), 2804.02(b) (the ALS hearing "shall be scheduled within 20 days from receipt of the request unless a continuance is requested").

The plaintiff moved to rescind her suspension, arguing that the DMV lacked jurisdiction to suspend her license because the ALS form was untimely filed, the hearing was delayed, and she suffered prejudice due to the delay.  The hearing examiner found that the plaintiff had not established sufficient prejudice and upheld the suspension.  After the hearing examiner affirmed the suspension, the plaintiff appealed to superior court, which affirmed the DMV's decision.  The plaintiff now appeals to this court.  She argues that the trial court erred by concluding that the DMV had jurisdiction to suspend her license notwithstanding its failure to timely hold her administrative hearing.  <u>See</u> RSA 265-A:31, I(c).

In an appeal to superior court from an administrative license suspension under RSA 265-A:30, the plaintiff bears the burden "to show that the decision of the [hearing examiner] was clearly unreasonable or unlawful, and all findings of the [hearing examiner] upon all questions of fact properly before him or her shall be deemed to be prima facie lawful and reasonable." RSA 265-A:34, III; see Rudder v. Dir., N.H. Div. of Motor Vehicles, 175 N.H. 38, 42 (2022). The trial court shall not set the hearing examiner's decision aside "except for errors of law, unless the court is satisfied, by a clear preponderance of the evidence before it, that the order is unjust or unreasonable." RSA 265-A:34, III; see Rudder, 175 N.H. at 42. We, in turn, will uphold the trial court's decision unless the evidence does not support it or it is legally erroneous. Rudder, 175 N.H. at 42.

RSA 265-A:31, I(a) entitles any person whose license has been suspended pursuant to RSA 265-A:30 to request an ALS hearing within thirty days of receiving notice of the suspension. Upon a timely request for a hearing, the statute requires that "[t]he hearing shall be held within 20 days after the filing of the request unless the person requests a continuance." RSA 265-A:31, I(c). "The use of the word 'shall' is generally regarded as a command and usually indicates the legislature's intent that the statute is mandatory." Kerouac v. Dir., N.H. Div. of Motor Vehicles, 158 N.H. 353, 357 (2009). The statute contains no enforcement mechanism, however, with respect to the 20-day limit for holding the hearing. Under such circumstances, we must determine the proper mode of enforcement:

> Where the legislature, out of liberty interest concerns, has mandated time limits for holding hearings, we have held that personal jurisdiction over a defendant is lost, absent waiver, if the case is not heard within the statutory period. On the other hand, where the legislature has prescribed time limits out of a general interest in hastening adjudicative dispositions for the benefit of all parties involved, we have been unwilling to treat the time limit as jurisdictional. Further, where the legislature has failed to provide a method of enforcing a statutory mandate, we have looked to whether the party seeking relief has shown prejudice.

Id. (citations omitted).

The plaintiff argues that, because a driver's license may not be suspended without due process,[1] and because the relevant time limits afford the driver the right to contest an administrative suspension of his or her driver's license at a meaningful time and in a meaningful manner, the statutory and administrative time periods are a jurisdictional requirement for the DMV to

---

[1] The plaintiff invokes only the State Constitution and does not make an argument under the Federal Constitution's due process clause.

take administrative action to suspend a driver's license. For the following reasons, we disagree.

First, the plaintiff likens the 20-day statutory limit within which to hold an ALS hearing under RSA 265-A:31, I(c) to the statutory time limits in McCarthy, Fournier, and Russell C. See McCarthy v. Wheeler, 152 N.H. 643, 646 (2005) (holding that failure to hold a hearing on a domestic violence petition within the time limit deprived the trial court of personal jurisdiction because a protective order generally restrains a defendant's liberty); State v. Fournier, 158 N.H. 441, 449 (2009) (holding that trial court was deprived of personal jurisdiction when it failed to comply with hearing time limits in involuntary commitment proceedings because civil commitment constitutes a significant deprivation of liberty, and thus, the time limits were "rooted in . . . due process" and "intended to protect . . . substantial liberty interests"); In re Russell C., 120 N.H. 260, 268 (1980) (holding that the adjudicatory hearing time limits in juvenile delinquency and child-in-need-of-services proceedings were jurisdictional because the time limits amounted to codification of a juvenile's "speedy trial" and due process rights).

As the trial court correctly observed, a driver's license constitutes a protectable property interest for purposes of due process, not a liberty interest. See Mackey v. Montrym, 443 U.S. 1, 10 (1979) (noting that the registrar of the Massachusetts DMV conceded "that suspension of a driver's license for statutorily defined cause implicates a protectible property interest"); State v. Cook, 125 N.H. 452, 455 (1984) ("defendant's interests include a . . . protected interest in his driver's license"). Accordingly, unlike the time limits at issue in McCarthy, Fournier, and Russell C., the time limits at issue in this case were not mandated to safeguard a party's fundamental liberty interest. Rather, the ALS hearing process "was designed to afford due process, to be informal, and to provide a prompt determination of whether there are grounds to suspend a driver's license." State v. Cassady, 140 N.H. 46, 49 (1995). Its "primary goal . . . is to remove irresponsible drivers from the State's highways as quickly as possible to protect the public." Id. That is, the legislature imposed the time limits pertaining to an ALS hearing "out of a general interest in hastening adjudicative dispositions for the benefit of all parties involved." Kerouac, 158 N.H. at 357.

Further, we disagree with the plaintiff that the purpose of the time limits in this case was specifically to ensure that she received an ALS hearing before the thirtieth day after service of the suspension notice, when the suspension became effective. See RSA 265-A:30, III, IV. Under the express language of the statute, a driver may request an ALS hearing up to thirty days from the date notice of the suspension is issued. RSA 265-A:31, I(a). The hearing may then be scheduled up to twenty days thereafter, well in excess of thirty days from

3

service of the notice of suspension, when the suspension goes into effect.  RSA 265-A:30, III, IV, :31, I(c).

Because we conclude that the legislature did not impose the time limits pertaining to an ALS hearing out of concern for an individual's liberty interest, but rather to hasten adjudicative dispositions, the trial court did not err by determining that the DMV did not lose jurisdiction over the plaintiff by failing to schedule the ALS hearing within twenty days of her request.

This conclusion does not end our analysis, as the plaintiff may still be entitled to relief for the DMV's non-compliance with the deadline if she demonstrates that she was prejudiced by the delay.  See In re N.T., 175 N.H. 300, 310 (2022); Smith v. N.H. Bd. of Psychologists, 138 N.H. 548, 551 (1994).  Here, the only prejudice asserted by the plaintiff is that she was temporarily deprived of her license before the adjudicatory hearing could be held.  She makes no claim that the DMV's nine-day delay in holding her hearing under RSA 265-A:31, I(c) impaired her ability to defend against the suspension or otherwise challenge the DMV's evidence.  We conclude that the plaintiff has not demonstrated that she was prejudiced by the delay.  See Kerouac, 158 N.H. at 357 (holding that where the only prejudice the plaintiff pointed to was the suspension of his license, the hearing officer's one-day delay in issuing his decision within mandated time limit did not deprive the DMV of jurisdiction).

To the extent that the plaintiff argues she was prejudiced because her license was suspended before the hearing, we disagree.  As discussed above, we do not conclude that the purpose of the time limits was to ensure that a hearing is provided before suspension.  Further, the plaintiff received a prompt post-deprivation hearing sufficient to satisfy the requirements of the New Hampshire Constitution's due process clause.  See Daneault v. Clarke, 113 N.H. 481, 482-85 (1973) (determining that where driver brought action to enjoin DMV from revoking his driver's license pending an administrative hearing to determine whether he refused to consent to a blood test after being arrested for driving under the influence, postponement of hearing until after revocation of license did not deny due process); see also Appeal of John Doe, 2025 N.H. 13, ¶ 14 (noting that post-deprivation process satisfies the requirements of due process); cf. Mackey, 443 U.S. at 10-19 (holding that Massachusetts statute, which mandated suspension of driver's license for refusal to take breathalyzer test upon arrest for driving under the influence without providing a pre-suspension hearing, was not violative of federal due process in part because a post-suspension hearing was available immediately upon a driver's suspension and was easily initiated by the driver).

Lastly, as the trial court concluded, the hearing examiner ultimately upheld the suspension, and there is no contention that this decision was unlawful or unreasonable.  While we do not condone either the arresting

officer's failure to timely submit his report or the untimeliness of the hearing, we cannot conclude that the plaintiff suffered actual prejudice.

<u>Affirmed</u>.

MACDONALD, C.J., and BASSETT, DONOVAN, and COUNTWAY, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**
