Strafford
No. 2011-068

THE STATE OF NEW HAMPSHIRE

v.

DANIEL MATTON

Argued: February 9, 2012
Opinion Issued: March 23, 2012

*Michael A. Delaney*, attorney general (*Susan P. McGinnis*, senior assistant attorney general, on the brief and orally), for the State.

*Lisa L. Wolford*, assistant appellate defender, of Concord, on the brief and orally, for the defendant.

LYNN, J. The defendant, Daniel Matton, appeals the order of the Superior Court (*Brown*, J.) denying his motion to preclude the State from seeking an extended term of incarceration under RSA 651:6, II(a) (2007). We affirm.

I

The relevant facts are not in dispute. In 1998, the defendant was convicted of arson and sentenced to seven and one-half to fifteen years in state prison, all suspended, and five years of probation. In 1999, the

defendant was found to have violated the terms of his probation, and was ordered to serve three and one-half to seven years at the prison. In 2002, the defendant was convicted of assault by a prisoner, and was sentenced to prison for one and one-half to three years.

On December 13, 2010, the defendant pleaded guilty to one count of second degree assault. The State, pursuant to a capped plea agreement, indicated its intent to request an extended term of incarceration under RSA 651:6, II(a) (2007) based upon the defendant's prior record. The defendant moved to preclude the application of RSA 651:6, II(a), arguing that he had only one qualifying prior conviction (that for assault by a prisoner) because his imprisonment on the arson charge resulted from a probation violation rather than from the original, suspended, sentence he received on the arson conviction. The superior court denied the motion, ruling that the defendant had served two terms of imprisonment within the meaning of the statute.

On appeal, the defendant argues that he cannot be sentenced to an extended term of imprisonment under RSA 651:6, II(a) because (1) the language of the statute is ambiguous, thus entitling him to benefit from the rule of lenity, and (2) the statute is unconstitutionally vague.

## II

RSA 651:6, II(a) provides:

> A convicted person may be sentenced [to an extended term of imprisonment] if the court finds, and includes such findings in the record, that such person:
>
>> (a) Has twice been convicted in this state, or in another jurisdiction, on sentences in excess of one year.

We first address the defendant's contention that RSA 651:6, II(a) is ambiguous. We are the final arbiters of legislative intent as expressed in the words of the statute considered as a whole. *State v. Beauchemin*, 161 N.H. 654, 658 (2011). When interpreting a statute, we first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning. *Id.* We do not read words or phrases in isolation, but in the context of the entire statutory scheme. *New Hampshire Health Care Assoc. v. Governor*, 161 N.H. 378, 385 (2011). If a statute is ambiguous, we consider legislative history to aid our analysis. *State v. Whittey*, 149 N.H. 463, 467 (2003). Our goal is to apply statutes in light of the legislature's intent in enacting them, and in light of the policy sought to be advanced by the entire statutory scheme. *Id.* We also construe the Criminal Code provisions "according to the fair import of their terms and to promote justice." RSA 625:3 (2007).

The defendant argues that the "convicted . . . on sentences" phrase in RSA 651:6, II(a) renders the statutory language "not simply ambiguous, but incomprehensible." For support, the defendant relies primarily on our opinion in *State v. Dansereau*, 157 N.H. 596 (2008). The defendant in *Dansereau* received an extended term sentence under RSA 651:6, II(a) based upon his prior record, which included a conviction for which he received a sentence of three to ten years stand committed, and two other convictions for which he received, for each conviction, a suspended sentence in excess of one year. *Id.* at 597. We noted that the "convicted . . . on sentences" terminology suggested that the sentences must have resulted in convictions, a construction "completely contrary to common sense." *Id.* at 599. Because we found the statutory language ambiguous, we resorted to legislative history to arrive at a proper construction of its meaning. *See Whittey*, 149 N.H. at 467.

Our review of the legislative history in *Dansereau* showed that prior to 2003, the statutory scheme permitted a trial court to impose an extended term of imprisonment if it found any of several factors, one of which being that the defendant had "twice previously been *imprisoned*, in this state or in any other jurisdiction, *on sentences in excess of one year.*" RSA 651:6, I(c) (2002) (emphases added); *see Dansereau*, 157 N.H. at 599. Under the pre-2003 statutory scheme, before imposing an extended term sentence, the trial court had to find that the defendant had (1) two prior imprisonments, resulting from (2) sentences in excess of one year. *Dansereau*, 157 N.H. at 599. In 2003, the legislature amended the statute. It provided in section I that a convicted person may receive an extended term of imprisonment if a *jury*, not the court, finds certain facts beyond a reasonable doubt. *See id.*; *compare* RSA 651:6, I (2004) *with* RSA 651:6, I (2002). It also moved to a new subsection II(a) the provision previously contained in subsection I(c), and replaced the word "imprisoned" with the word "convicted," *see Dansereau*, 157 N.H. at 599-600; *compare* RSA 651:6, II(a) (2004) *with* RSA 651:6, I(c) (2002), so that the newly-enacted RSA 651:6, II(a) now permits *the court* to impose an extended term of imprisonment if it finds that the defendant "has twice previously been *convicted* . . . on sentences in excess of one year." (Emphasis added.)

■■ The purpose of the 2003 amendments was to bring RSA 651:6 into compliance with the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Dansereau*, 157 N.H. at 600. The Supreme Court held in *Apprendi* that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. Under the former

RSA 651:6, I, however, the court, not the jury, was responsible for finding the facts warranting an extended term of imprisonment. We concluded that the legislature's intent in amending RSA 651:6 was solely to comply with *Apprendi*, not to expand the circumstances under which enhanced sentences could be imposed, and that the replacement of "imprisoned" with "convicted" in RSA 651:6, II(a) was to ensure that the provision comported with *Apprendi*'s holding as to the circumstances wherein a court, rather than a jury, could impose a term of imprisonment beyond the statutory maximum. *Dansereau*, 157 N.H. at 601-02. Given this limited legislative purpose, we held that RSA 651:6, II(a)'s "convicted . . . on sentences in excess of one year" phrase did not apply to the defendant's suspended sentences, as the defendant had not been imprisoned on those sentences. *Id.* at 603.

Just as we did in *Dansereau*, we note again today that the "convicted . . . on sentences" phrase within RSA 651:6, II(a) is confusing. A person cannot be convicted on sentences; rather, he is convicted *of a crime* and then sentenced on that conviction. Nonetheless, we conclude that, as construed in *Dansereau*, RSA 651:6, II(a) does not support the defendant's position that he cannot be sentenced to an extended term of imprisonment in this case.

■ As discussed above, we made it clear in *Dansereau* that the legislature did not substantively amend RSA 651:6, II(a) in 2003. Despite the change from "imprisoned" to "convicted," RSA 651:6, II(a), as it stands today, still requires a trial court to find, before it imposes an extended term of incarceration, that the defendant (1) was previously *imprisoned* twice, resulting from (2) sentences in excess of one year. *See id.* at 599; *see also State v. Scognamiglio*, 150 N.H. 534, 539 (2004).

■ Unlike the defendant in *Dansereau*, who had not been imprisoned on his suspended sentences, the defendant here served two terms of imprisonment resulting from sentences in excess of one year. Prior to his 2010 conviction of second degree assault, the defendant was convicted in 2002 of assault by a prisoner and was sentenced to serve a term of imprisonment of one and one-half to three years. He also was convicted of arson in 1998, and although he initially received a suspended sentence and probation on that conviction, he later violated his probation and was imprisoned on a sentence of three and one-half to seven years in prison. The defendant, therefore, was imprisoned twice as a result of his two prior convictions. *Cf. State v. Hammell*, 147 N.H. 313, 321-22 (2001) (decided under former RSA 651:6, I(c)). The superior court therefore correctly found that the statutory requirements were satisfied, and properly denied the defendant's motion to preclude the application of RSA 651:6, II(a)'s extended term provision.

## III

The defendant also argues that RSA 651:6, II(a) is void because it is unconstitutionally vague. The defendant did not raise this constitutional argument before the superior court, however, and we therefore conclude that it has not been preserved for our review. *See State v. Moscone*, 161 N.H. 355, 361 (2011).

*Affirmed.*

DALIANIS, C.J., and HICKS and CONBOY, JJ., concurred.