NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Hillsborough - northern judicial district
No. 2012-719


THE STATE OF NEW HAMPSHIRE

v.

ARTHUR MOTTOLA

Argued: January 9, 2014
Opinion Issued: April 4, 2014


Joseph A. Foster, attorney general (Susan P. McGinnis, senior assistant attorney general, on the brief and orally), for the State.

Christopher M. Johnson, chief appellate defender, of Concord, on the brief and orally, for the defendant.


DALIANIS, C.J. The defendant, Arthur Mottola, appeals his conviction on one count of possession of heroin following a jury trial in Superior Court (Brown, J.), arguing that the trial court erred in denying his motion to suppress. See RSA 318-B:2, I, :26, I(c)(4) (2011). In addition to the issue raised on appeal, we ordered the parties to brief whether the thirty-day appeal period in criminal appeals set forth in Supreme Court Rule 7(1)(C) begins to run on the date of sentencing or on the date on which the mittimus is issued. We hold that a criminal appeal must be filed within thirty days of sentencing and dismiss the appeal as untimely.

Pursuant to Rule 7(1)(C), in the absence of a timely-filed post-trial motion, "[i]n criminal appeals, the time for filing a notice of appeal shall be within 30 days from the date of sentencing." Under Rule 7(1)(C), "[a] timely filed post-trial motion stays the running of the appeal period." Here, the defendant was sentenced on July 30, 2012, and no timely post-trial motion was filed. Consequently, the notice of appeal should have been filed on or before August 29, 2012. The notice of appeal was not filed, however, until October 11, 2012, and, accordingly, we originally dismissed the appeal as untimely filed.

In response, the defendant's trial counsel filed a motion to accept late filing of the appeal, noting that the trial court did not issue a mittimus until September 14, 2012, and that the notice of appeal was filed within thirty days of that date. We treated the pleading as a motion for reconsideration of the dismissal of the appeal and granted reconsideration, but deferred ruling upon the timeliness of the notice of appeal.

Rule 7(1)(C) is clear on its face. When no timely post-trial motion is filed, a notice of appeal in a criminal appeal must be filed "within 30 days from the date of sentencing." The "date of sentencing" is the date on which the court pronounces the sentence. As we have explained in another context:

> Due process requires a sentencing court to communicate clearly to the defendant the exact nature of the sentence as well as the extent to which the court retains discretion to modify it or impose it at a later date. Due process thus imposes an outer limit upon the court's ability to correct a sentence after pronouncing it.

State v. Ortiz, 162 N.H. 585, 596 (2011) (citation omitted). Thus, the "date of sentencing" is the date on which the court "communicate[s] clearly to the defendant the exact nature of the sentence." Id.

The defendant contends that other Rules "undermine the clarity of Rule 7(1)[(C)] by suggesting that a notice of appeal is only deemed filed when the appellant has fully and completely complied with the rules governing the content of the notice of appeal." He asserts that Rules requiring that the appealing party attach to the notice of appeal "the decision below" and "the clerk's written notice of the decision below" imply that the mittimus must be attached to the notice of appeal in a criminal appeal in which no timely post-trial motion has been filed. Sup. Ct. R. 7(6). We disagree.

Generally, a party is first notified of a decision on the merits when a written order, along with the clerk's notice of the decision, is mailed to the parties. Because there is often a delay between the date of the decision and the clerk's written notice of the decision, we calculate the thirty-day appeal period

from the date of the written notice, <u>not</u> from the date of the decision.  To determine whether the appeal is timely, we require an appellant to attach the clerk's written notice to the notice of appeal.

However, in a criminal appeal in which no timely post-trial motion has been filed, waiting for the "clerk's written notice of the decision" has no significance since the defendant was notified of the trial court's sentencing decision when the sentence was pronounced.  The issuance of the mittimus is, thus, irrelevant for purposes of filing such an appeal.  Although we conclude that Rule 7(1)(C) is clear on its face, in an abundance of caution, we refer this matter to the Advisory Committee on Rules for its review.  <u>See</u> <u>Sup. Ct. R.</u> 51.

Alternatively, the defendant argues that "good cause" exists to waive the requirements of Rule 7(1)(C).  <u>See</u> <u>Sup. Ct. R.</u> 1 (empowering court for "good cause shown" to "suspend the requirements or provisions" of any Supreme Court Rule).  "Good cause" is not the correct standard.  Rule 21(6) specifically governs the late entry of appeals, and it allows a motion for late entry of a notice of appeal to be granted only "upon a showing of exceptional circumstances."  <u>Sup. Ct. R.</u> 21(6).

In arguing that "good cause" remains the standard, the defendant relies upon <u>Petition of State of N.H. (State v. Fischer)</u>, 152 N.H. 205, 209 (2005), <u>State v. Cotell</u>, 143 N.H. 275, 278-79 (1998), and <u>State v. Hayes</u>, 138 N.H. 410, 411 (1994).  However, in those cases, we applied earlier versions of Rule 21(6) that did not include the "exceptional circumstances" language.  <u>See</u> <u>Sup. Ct. R.</u> 21(6) (2003-2004 Supp.) (amendment to Rule 21(6), adding "exceptional circumstances" language, became effective January 1, 2004); <u>Petition of State of N.H. (State v. Fischer)</u>, 152 N.H. at 209 (applying 2003 version of rule).  His reliance upon those cases, therefore, is misplaced.  Here, the defendant has neither argued nor demonstrated that "exceptional circumstances" exist.  Accordingly, we dismiss his appeal as untimely.

<u>Dismissed</u>.

HICKS, CONBOY, LYNN and BASSETT, JJ., concurred.