NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Strafford
No. 2015-0247


THE STATE OF NEW HAMPSHIRE

v.

AMADOU DIALLO

Argued: May 3, 2016
Opinion Issued: September 20, 2016

Joseph A. Foster, attorney general (Elizabeth C. Woodcock, assistant attorney general, on the brief and orally), for the State.

Stephanie Hausman, deputy chief appellate defender, of Concord, on the brief and orally, for the defendant.

CONBOY, J. The defendant, Amadou Diallo, appeals the extended term of imprisonment imposed by the Superior Court (Abramson, J.) following his conviction for felonious sexual assault. He argues that the trial court erred in ruling that the State provided sufficient notice of its intent to seek an extended sentence. See RSA 651:6 (2016). Accordingly, he requests that we vacate his sentence and remand this case to the trial court for resentencing. We deny his request and affirm the trial court's ruling.

We briefly set forth the facts necessary to decide the issue before us. In 2014, the defendant was charged with two counts of aggravated felonious

sexual assault. On the first day of trial, prior to jury selection, the State amended one of the indictments to charge the defendant with the lesser crime of felonious sexual assault. The amendment was hand-written on the face of the indictment. Prior to the amendment, the indictment contained the following notation in the upper right-hand corner:

> RSA Ch. 632-A:2, II
> Aggravated Felonious Sexual Assault
> Felony
> 10-30 years, $4000

The only change in this notation as a result of the amendment was a hand-written line through the word "Aggravated." At the close of the State's case, the trial court dismissed the other indictment, which had not been amended. The defendant was convicted on the amended indictment alleging felonious sexual assault.

At the sentencing hearing, the State recommended a sentence of ten to twenty years. The defendant objected, arguing that the State's proposed sentence constituted an impermissible extended term of imprisonment. The defendant argued that, because the State had failed to provide notice of its intent to seek an extended term of imprisonment pursuant to RSA 651:6 as to the amended indictment, he could not be sentenced to more than seven years of imprisonment. The trial court then ordered both parties to brief the issue. After considering the parties' arguments, the facts of the case and the applicable law, the trial court ruled that, under RSA 651:6, III, the notice requirement for imposition of an extended sentence could be satisfied by language in an indictment. The court further ruled that, in this case, the language in the indictment provided the requisite notice, and that it was not voided by the amendment.

On appeal, we are asked to determine whether an indictment can serve as the vehicle to provide the notice required under RSA 651:6, III. This statute provides that if "authorized by paragraph I or II, and if written notice of the possible application of this section is given the defendant at least 21 days prior to the commencement of jury selection for his or her trial, a defendant may be sentenced to an extended term of imprisonment." RSA 651:6, III. Paragraph I of RSA 651:6 sets forth a list of factors, any one of which can support an extended sentence if found by a jury. See RSA 651:6, I. Paragraph II sets forth a list of factors, any one of which can support an extended sentence if found by a trial court and if the record includes those findings. See RSA 651:6, II.

Whether an indictment can satisfy the notice requirement set forth in RSA 651:6, III presents a question of statutory interpretation. Statutory interpretation is a question of law, which we review de novo. Appeal of THI of NH at Derry, LLC, 168 N.H. 504, 508 (2016). We are the final arbiters of the

2

legislature's intent as expressed in the words of the statute.  Id.  To determine the legislature's intent, we look first to the language of the statute itself, and if possible, construe that language according to its plain and ordinary meaning.  Id.  We construe the provisions of the Criminal Code "according to the fair import of their terms and to promote justice."  RSA 625:3 (2016).  We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include.  Appeal of THI, 168 N.H. at 508.  We do not consider words and phrases in isolation, but rather within the context of the statute as a whole.  Id. at 508-09.  This enables us to better discern the legislature's intent and to interpret statutory language in light of the policy or purpose sought to be advanced by the statutory scheme.  Id. at 509.

We note at the outset that RSA 651:6, III does not prescribe the form of the written notice that must be provided to the defendant when the State intends to request imposition of an extended sentence.  We have previously observed that the objective to be served by the pretrial notice requirement established in RSA 651:6, III is to provide the defendant with an opportunity to offer evidence to refute the findings required by the statute.  State v. Russo, 164 N.H. 585, 597 (2013).

The defendant argues that because the statute sets a deadline of no later than twenty-one days before jury selection, it "contemplates notice given in a form other than the charging document."  We decline to construe the statute's language so narrowly.  Rather, the statute provides only that written notice must be given no later than twenty-one days before jury selection.  Here, the defendant was indicted more than twenty-one days prior to jury selection.  We note that, if the legislature wanted to prescribe how the statutorily-required written notice is to be given, it has demonstrated its ability to do so.  See RSA 625:9, IV(c)(2) (2016) (State may seek class A misdemeanor penalties for crimes that are designated as misdemeanors without specification of classification if it files a notice of its intent to do so on or before the date of arraignment "on a form approved in accordance with RSA 490:26-d").

Nor do we find controlling former Superior Court Criminal Rule 99-A, which was in effect at the time of the defendant's indictment and sentencing.  Super. Ct. Crim. R. 99-A (repealed eff. Mar. 1, 2016).  The rule provided: "In every case where there may be a possible extended term of imprisonment under RSA 651:6, the prosecuting attorney shall give notice of same to the defendant prior to the commencement of trial and file a copy of such notice with the Clerk."  Id.  This rule did not impose an obligation upon the State to give more than one form of notice to the defendant.

Accordingly, we conclude that an indictment may satisfy the statutory written notice requirement imposed by RSA 651:6, III.

The defendant also argues that, even if an indictment may satisfy the RSA 651:6, III notice requirement, it failed to do so in this case because it did not give him "'written notice of the possible application of [RSA 651:6].'" He notes that "[n]owhere on the indictment did the State refer to RSA 651:6." He contends that "where the State does not advise the defendant which factual predicate it relies upon in requesting an extended term, the notice may not sufficiently advise the defendant so as to satisfy the purpose of the notice requirement." The defendant notes that the "single notation in the upper right hand corner of the indictment did not identify [the] enhancing element upon which the State intended to rely in seeking an extended term of imprisonment." The defendant concedes that this omission might be of no import if the indictment contained only "one possible basis for the application of an extended term." He argues, however, that because the original indictment contained two bases upon which an extended term might be imposed — either that the victim was under the age of thirteen, see RSA 651:6, I(e), or that the victim was under the age of thirteen and the defendant was at least eighteen years old, see RSA 651:6, I(m) — it did not provide him with sufficient notice. We are not persuaded by this argument.

We have previously held that the failure of a prosecutor to specify, in the pretrial notice, the grounds supporting a request for an extended sentence "will not render the statute inapplicable in the absence of actual prejudice." State v. Coppola, 130 N.H. 148, 155 (1987) (decided under earlier version of statute). In this case, when the State amended the indictment to charge the lesser crime of felonious sexual assault, any possible application of RSA 651:6, I(m) was foreclosed because, as the defendant observes, this factor applies only when the charge is aggravated felonious sexual assault. See RSA 651:6, I(m) (factors supporting extended term include when a defendant "[h]as committed or attempted to commit aggravated felonious sexual assault in violation of RSA 632-A:2, I(l) or RSA 632-A:2, II where the defendant was 18 years of age or older at the time of the offense").

The original indictment charged the defendant with aggravated felonious sexual assault. See RSA 632-A:2 (Supp. 2013) (amended 2014); RSA 632-A:10-a (2016) (absent prior conviction for aggravated felonious sexual assault or request for extended term of imprisonment, sentence for aggravated felonious sexual assault conviction is not to exceed twenty years). Prior to jury selection, defense counsel advised the trial court that, although the indictment purported to charge the defendant with aggravated felonious sexual assault, the elements alleged in the text of the indictment charged him with felonious sexual assault. The State responded: "That's an error just in the name of the crime. That's not - - it should not be an aggravated felonious sexual assault. It should be a felonious sexual assault." (Emphasis added.) After the trial court ruled that the State could amend the indictment "so that we don't read anything in error to the jury," defense counsel stated: "So the main change would be, when the clerk reads the charging document, it would only say

4

felonious sexual assault."  Given this specific exchange, we find unpersuasive the defendant's argument on appeal that the notation "'10-30 years' might also be an erroneous artifact" of the original indictment.

The amended indictment charged the defendant with felonious sexual assault, a class B felony, see RSA 632-A:3 (Supp. 2013) (amended 2014).  The maximum sentence that may be imposed for conviction of a class B felony is seven years.  RSA 651:2, II (2016).  The indictment, both pre- and post-amendment, contained the notation in the upper right-hand corner "10-30 years, $4,000."  Accordingly, both versions indicated that the State would be requesting an extended term of imprisonment, which could be imposed only if certain conditions were met under the extended sentencing statute.  We therefore conclude that although, as the trial court observed, the notice given in the indictment was "not the gold standard," it was sufficient to advise the defendant that the State would request an extended term of imprisonment if he were convicted.

In support of his argument, the defendant has cited State v. L'Ecuyer, No. 2006-0600, 2007 N.H. LEXIS 304 (Sept. 4, 2007), a 3JX order that reversed the trial court's imposition of an extended term of imprisonment.  See Sup. Ct. R. 12-D(3) (although a 3JX order has no precedential value, it may be cited or referenced in pleadings or rulings in any court in this state, as long as it is identified as a non-precedential order).  L'Ecuyer, however, is distinguishable.  The indictment in that case contained the following notation in the upper left-hand corner:

> RSA 632-A:3
> Offense: Felonious Sexual Assault
> Class B Felony, special sentencing
> (For informational use only)

As the L'Ecuyer panel noted in its order, the cited language was "ambiguous at best."  In contrast, here, the sentence noted in the upper right-hand corner of the indictment — "10-30 years, $4000" — could be imposed only if the State satisfied the necessary criteria for an extended term of imprisonment.

Having determined that the notice was sufficient, we turn to whether the defendant has established that he was prejudiced by the State's failure to specify the ground supporting its request for an extended sentence.  See Coppola, 130 N.H. at 155.  The elements alleged in the text of the indictment were that the defendant: (1) engaged in sexual contact; (2) under circumstances that could reasonably be construed as being for the purposes of sexual arousal or gratification; (3) with the victim who was under thirteen years of age; and (4) the victim was not his legal spouse.  The one ground that supported the State's request for an extended sentence — that the victim was under the age of thirteen — was also an element of the offense, necessarily

5

found by the jury.  See RSA 632-A:3, III (2016).  Accordingly, we fail to see how the defendant was prejudiced.  See Russo, 164 N.H. at 597 (objective to be served by RSA 651:6 pretrial notice requirement is to provide defendant with opportunity to refute findings required by statute).

Although we have concluded, under the specific facts of this case, that the indictment provided sufficient notice of the State's intent to request an extended term of imprisonment, we do not endorse a general notice practice that fails to include specific citation to the statutory factor upon which the State will base its request.  To avoid challenges based upon the sufficiency of the provided notice, the better practice is to include, in the written notice, specific citation to the statutory factor supporting the request for an extended term of imprisonment.

Affirmed.

DALIANIS, C.J., and HICKS, LYNN, and BASSETT, JJ., concurred.

6