NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Cheshire
No. 2017-0246

THE STATE OF NEW HAMPSHIRE

v.

JEREMY SURRELL

Argued: March 15, 2018
Opinion Issued: June 22, 2018

Gordon J. MacDonald, attorney general (Elizabeth A. Lahey, assistant attorney general, on the memorandum of law and orally), for the State.

Christopher M. Johnson, chief appellate defender, of Concord, on the brief and orally, for the defendant.

BASSETT, J. The defendant, Jeremy Surrell, appeals an order of the Superior Court (Ruoff, J.) denying his petition to suspend his sentence under RSA 651:20, I (2016). We affirm.

The record reflects the following facts. In 2011, the defendant was indicted on four counts of aggravated felonious sexual assault (AFSA). See RSA 632-A:2, I(l) (2016). These indictments alleged that, on four occasions, the defendant engaged in fellatio with a child under the age of thirteen. In May 2013, the defendant pleaded guilty to two of the AFSA charges and the State entered a nolle prosequi on the other two. The trial court sentenced the

defendant to a stand committed sentence of seven and one-half to fifteen years and to a suspended sentence of ten to twenty years.

In January 2017, the defendant filed a petition to suspend his sentence under RSA 651:20, I(a).  RSA 651:20, I, provides:

> I. Notwithstanding any other provision of law, except as provided in subparagraphs (a), (b), and (c), the sentence to imprisonment of any person may be suspended by the sentencing court at the time of imposition of the sentence or at any time thereafter in response to a petition to suspend sentence which is timely brought in accordance with the limitations set forth below in subparagraphs (a), (b), and (c).
>
> > (a) Any person sentenced to state prison for a minimum term of 6 years or more shall not bring a petition to suspend sentence until such person has served at least 4 years or 2/3 of his minimum sentence, whichever is greater, and not more frequently than every 3 years thereafter.

RSA 651:20, I(a).  The defendant attached an affidavit supporting his petition and documentation demonstrating his successful completion of educational and rehabilitative programs while incarcerated.  The trial court then requested that the Warden of the New Hampshire State Prison prepare and file a synopsis of the defendant's incarceration for the court to consider prior to ruling on the petition.  The Warden complied with this request.

Subsequently, the trial court denied the defendant's petition to suspend his sentence, stating that the "conduct against the [victim] does not warrant a lesser sentence."  The defendant filed a motion to reconsider.  In denying the motion to reconsider, the trial court stated:

> The Court carefully considered all of the mitigating evidence submitted by the defendant prior to denying his RSA 651:20 request.
>
> The Court was impressed with the defendant's efforts while serving his sentence.  However, the Court cannot ignore the punitive aspect of the original sentence, which is why the Court looked to the offense conduct when making its decision.

This appeal followed.

On appeal, the defendant argues that RSA 651:20, I, prohibits a trial court from denying "a petition on the basis, even in part, of the nature of the offense conduct" and, therefore, the trial court erred when it denied his petition

on that basis. He also argues that, even if pursuant to RSA 651:20, I, a trial court can take account of the nature of the offense, the court erred when it denied the petition to suspend solely on that basis without "weigh[ing] [his] rehabilitative success against the need for further punishment."

The suspension of a sentence is not obligatory: a trial court has broad discretion in deciding whether or not to grant a petition to suspend a sentence. State v. Duquette, 153 N.H. 315, 316-17 (2006). "The legislature has vested in the trial court the power to adapt sentencing to best meet the constitutional objectives of punishment, rehabilitation and deterrence — within these parameters, the judge has broad discretion to assign different sentences, suspend sentence, or grant probation." Petition of State of N.H. (State v. Fischer), 152 N.H. 205, 211 (2005), superseded by rule on other grounds as stated in State v. Mottola, 166 N.H. 173, 176 (2014). Although we normally review a trial court's decision on a petition to suspend for an unsustainable exercise of discretion, State v. LeCouffe, 152 N.H. 148, 153 (2005), resolution of the instant dispute requires statutory interpretation, which is a question of law for us to decide, see State v. Moran, 158 N.H. 318, 321 (2009); Thayer v. Town of Tilton, 151 N.H. 483, 486 (2004).

In matters of statutory interpretation, we are the final arbiters of the intent of the legislature as expressed in the words of the statute considered as a whole. See Moran, 158 N.H. at 321. In interpreting a statute, we first look to the language of the statute itself and, if possible, construe that language according to its plain and ordinary meaning. Id. We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include. State v. Diallo, 169 N.H. 355, 357 (2016). We do not consider words and phrases in isolation, but rather within the context of the statute as a whole. Id. Additionally, we do not consider legislative history to construe a statute that is clear on its face. Moran, 158 N.H. at 321.

The defendant first argues that the trial court erred by denying his petition to suspend on the basis of the nature of the underlying offense. He argues that RSA 651:20, I, prohibits the trial court from denying a petition on the basis, even in part, of the nature of the offense and, instead, requires that the court base its decision on only the prisoner's rehabilitative efforts. He makes two overarching arguments in support of this contention: (1) he asserts that the plain language of the statute supports his interpretation; and (2) he argues in the alternative that we should conclude that the statute is ambiguous and examine legislative history, which, he asserts, supports his interpretation of the statute. The State counters that the statute is unambiguous and that the plain language of RSA 651:20 does not preclude the trial court from considering the nature of the underlying offense. We agree with the State.

3

We first address the defendant's arguments that the plain language of RSA 651:20, I(a)-(c) supports his interpretation of the statute. The defendant argues that we should read the plain language of subparagraph I(a), which permits state prisoners to file petitions to suspend after serving two-thirds of the minimum sentence, as requiring that the trial court's decision "depend entirely on whether the prisoner has demonstrated successful rehabilitation." We disagree. The plain language of subparagraph I(a) neither prohibits the trial court from denying a petition based upon the nature of the offense, nor requires the court to consider only rehabilitative efforts.

The defendant also argues that the plain language of subparagraphs I(b) and (c) supports his interpretation of the statute. Specifically, he contends that, because I(b) authorizes a prisoner to file a petition at any time if the commissioner deems him or her a suitable candidate, and I(c) empowers the attorney general to file a petition on a prisoner's behalf at any time based on that prisoner's assistance in investigating or prosecuting a felony, it is evident that the legislature intended that the trial court consider only a prisoner's post-sentencing rehabilitative efforts, to the exclusion of other factors. We disagree. Although subparagraphs I(b) and (c) relate to a prisoner's post-sentencing conduct, as assessed by either the commissioner or the attorney general, these provisions govern when and whether a petition can be filed; they do not relate to the factors that the trial court may properly consider. See RSA 651:20, I.

Indeed, although RSA 651:20, I, is silent regarding the evidence or factors that the trial court may consider in ruling upon a petition to suspend a sentence, the plain language of the statute does not prohibit the trial court from considering any particular evidence or factors in reaching its decision, nor does it require the trial court to consider any specific factor. Consequently, the defendant's interpretation of the statute — that the plain language precludes the trial court from denying a petition based, even in part, on the nature of the offense — would require us to add language to the statute, which we will not do. See Diallo, 169 N.H. at 357 ("We . . . will not consider what the legislature might have said or add language that the legislature did not see fit to include.").

Moreover, the statute provides that a sentence "may be suspended by the sentencing court," RSA 651:20, I (emphasis added), reflecting a legislative intent to vest the trial court with discretion, see, e.g., Duffy v. City of Dover, 149 N.H. 178, 181 (2003) ("As a general rule of statutory construction, the word 'may' is permissive and implies the use of discretion."). Other provisions in RSA 651:20, I, demonstrate that the legislature knows how to impose limitations on the trial court when it chooses to do so. For example, as discussed above, subparagraphs I(a), (b), and (c) explicitly limit who may file a petition to suspend, and when it may be filed. See RSA 651:20, I (authorizing the court to suspend a sentence "in response to a petition to suspend sentence which is timely brought in accordance with the limitations set forth below in

4

subparagraphs (a), (b), and (c)" (emphasis added)). The statute does not in any way limit the factors that a court may consider when ruling on a timely filed petition. We conclude, therefore, that the plain language of RSA 651:20, I, neither prevents the trial court from considering the nature of the offense, nor requires it to consider only the defendant's post-sentencing rehabilitative efforts.

We next turn to the defendant's alternative argument: that, because RSA 651:20, I, does not itemize the factors the trial court may consider when ruling on a timely petition, it is ambiguous. He argues that we must, therefore, examine the legislative history of the statute, which, he asserts, supports his interpretation. He further contends that, "to the extent that any ambiguity remains after consideration of the text and history of RSA 651:20, the rule of lenity requires" us to adopt his position. The State counters that the statutory language is unambiguous, and, therefore, we need not examine legislative history, or apply the rule of lenity. We agree with the State.

The defendant argues that the statute is ambiguous because its "silence leaves [it] open to more than one reasonable interpretation." We will consider a statutory provision to be ambiguous, and, therefore, consult its legislative history, only when there is more than one <u>reasonable</u> interpretation of the provision. <u>See</u> <u>State v. Chrisicos</u>, 159 N.H. 405, 408 (2009). Here, the defendant's interpretation of RSA 651:20, I — that the trial court cannot deny a petition based, even in part, on the nature of the offense, and must consider only rehabilitative efforts — is not reasonable because it reads limitations into the statute that are simply not in the plain language. <u>See</u> <u>id</u>. (holding statute unambiguous and State's interpretation unreasonable because it read a limitation into the statutory language).

The defendant also argues that the statute is ambiguous because it is silent as to what factors the court may consider in ruling on a petition. Although we have observed that a statute's silence can "arguably" create an ambiguity, <u>In re Juvenile 2005-212</u>, 154 N.H. 763, 766 (2007), we have never held that silence necessarily renders a statute ambiguous. Indeed, "[t]aking liberty with legislative silence by fashioning judicial rules in its stead is contrary to well-settled rules of statutory construction." <u>State v. Dushame</u>, 136 N.H. 309, 314 (1992). Accordingly, we have concluded that silence in a statute, may, in fact, reflect a legislative intent that a determination be left to the trial court's sound discretion. For example, in <u>In re Juvenile 2005-212</u>, a case involving interpretation of the child in need of services statute, although we observed that silence in a statute "arguably creates an ambiguity," we refused to add words to the statute that the legislature did not see fit to include, and concluded that the statute's silence reflected a legislative intent that the trial court should have discretion over the determination at issue. <u>In re Juvenile 2005-212</u>, 154 N.H. at 766-68.

5

Here, we conclude that the statute is not ambiguous. The legislature's silence as to what factors the court should consider, coupled with the use of the permissive term "may," demonstrates a legislative intent to leave the decision as to what factors or evidence to consider to the trial court's discretion. The trial court's discretion is not unfettered: it must be exercised "to best meet the constitutional objectives of punishment, rehabilitation and deterrence." Petition of State of N.H. (Fischer), 152 N.H. at 211.

Because we have concluded that RSA 651:20, I, is unambiguous, we need not consider the defendant's arguments regarding the legislative history of RSA 651:20, or the rule of lenity. See Moran, 158 N.H. at 321 ("We do not consider legislative history to construe a statute that is clear on its face." (quotation omitted)); State v. Dansereau, 157 N.H. 596, 602 (2008) (describing the rule of lenity as a rule of statutory construction "for interpreting criminal statutes where the legislature failed to articulate its intent unambiguously" (quotation omitted)). Accordingly, we conclude that the trial court did not err when it denied the defendant's petition to suspend based, in part, on the nature of the underlying offense.

Next, we turn to the defendant's argument that the trial court erred because, "even if a court can take account of the nature of the offense, it cannot deny a petition to suspend on the basis only of a judgment about the nature of the offense." The defendant asserts that the trial court erred when, in its order, it did not weigh the defendant's rehabilitative success against the need for continuing punishment, and based its decision only on the nature of the offense. The defendant's argument is based upon an incorrect premise. We disagree with the defendant's interpretation of the trial court order — in fact, the trial court did not deny the petition based solely on the nature of the offense.

The interpretation of a trial court order presents a question of law for us to decide. See Edwards v. RAL Auto. Group, 156 N.H. 700, 705 (2008). In its order denying the motion to reconsider, the trial court stated that it had "carefully considered all of the mitigating evidence submitted by the defendant" in support of his petition. The court explained that, despite having reviewed that evidence, it could not "ignore the punitive aspect of the original sentence, which is why [it] looked to the offense conduct when making its decision." It is evident that the trial court, after considering both the defendant's rehabilitative efforts and the punitive purpose of his sentence, simply reached a conclusion opposite of that desired by the defendant.

Finally, the defendant argues that the trial court erred because it did not make sufficient factual findings about the quality of the defendant's rehabilitation and whether he had a continuing need for treatment. However, the defendant has not demonstrated that he preserved this issue for our

review, and, therefore, we will not address it.  <u>See</u> <u>State v. Brooks</u>, 162 N.H. 570, 583 (2011).

<u>Affirmed</u>.

HICKS and HANTZ MARCONI, JJ., concurred.