# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2021-0530, <u>In the Matter of Michelle McKinnon and James McKinnon</u>, the court on October 27, 2022, issued the following order:**

The motion filed by the respondent, James McKinnon (Husband), asking this court to suspend and waive Supreme Court Rule 7 and consider his appeal timely filed, is denied. Husband filed this appeal on November 12, 2021, which is nearly <u>60 days</u> after the Circuit Court (<u>Alfano</u>, J.) denied his post-decree motion for reconsideration. Husband argues that his appeal is timely because he filed it within 30 days after the trial court denied his motion to clarify. However, on appeal, Husband does not challenge the trial court's ruling on the motion to clarify, and that motion, filed after the trial court denied Husband's timely motion to reconsider the final divorce decree, did not stay the running of the appeal period with respect to matters decided in the final decree and in the order denying the timely reconsideration motion. <u>See</u> <u>Germain v. Germain</u>, 137 N.H. 82, 84-85 (1993); <u>In re Estate of Porter</u>, 159 N.H. 212, 214 (2009).

Our rules are clear: "Successive post-decision motions filed by a party that is not a newly-losing party will not stay the running of the appeal period." <u>Sup. Ct. R.</u> 7(1)(C). As Husband correctly notes in his reply brief, his motion to clarify was, in effect, "a second motion [for] reconsideration." In his first motion for reconsideration, Husband had argued that the alimony award was improper because the trial court failed to find that the petitioner, Michelle McKinnon (Wife), had a "reasonable need" for alimony and because she, in fact, had no such need. In his second motion, Husband argued a new issue — that the duration of the alimony award was improper. Husband's second motion was an untimely post-decision motion, which did "not stay the running of the appeal period" as to the issues raised in his first motion to reconsider. <u>Id</u>.; <u>see</u> <u>Germain</u>, 137 N.H. at 84-85.

Although Husband asserts that the trial court "at least impliedly waived the running of the appeal period" by ruling on his second motion, he is mistaken. "In the absence of an express waiver of the untimeliness made by the trial court within the appeal period, the appeal period is not extended even if the trial court rules on the merits of an untimely filed post-decision motion." <u>Sup. Ct. R.</u> 7(1)(C).

Husband requests that we waive Rule 7 under our "good cause" standard. <u>See</u> <u>Sup. Ct. R.</u> 1 (empowering the court to "suspend the requirements or provisions" of any Supreme Court Rule for "good cause

shown").  However, as Wife argues, "good cause" is not the correct standard.
"Rule 21(6) specifically governs the late entry of appeals, and it allows a motion
for late entry of a notice of appeal to be granted only 'upon a showing of
exceptional circumstances.'"  State v. Mottola, 166 N.H. 173, 176 (2014)
(quoting Sup. Ct. R. 21(6)).  Husband has neither argued nor demonstrated
that "exceptional circumstances" exist.  See id.  Accordingly, his motion is
denied, and we dismiss his appeal as untimely.

Even if Husband's appeal were timely, we would affirm the trial court's
decision.  The trial court has broad discretion in divorce cases.  See In the
Matter of Gronvaldt & Gronvaldt, 150 N.H. 551, 554 (2004).  We review its
decisions on such matters under our unsustainable exercise of discretion
standard.  Id.  This means that we review only whether the record establishes
an objective basis sufficient to sustain the discretionary judgment made, and
we will not disturb the trial court's determination if it could reasonably have
been made.  In the Matter of Kurowski & Kurowski, 161 N.H. 578, 585 (2011).

"Our standard of review is not whether we would rule differently than the
trial court, but whether a reasonable person could have reached the same
decision as the trial court based upon the same evidence."  Cook v. Sullivan,
149 N.H. 774, 780 (2003).  We will not substitute our judgment for that of the
trial court.  See Brent v. Paquette, 132 N.H. 415, 419 (1989).  Nor will we
reweigh the equities.  In the Matter of Heinrich & Heinrich, 164 N.H. 357, 365
(2012).

The trial court's discretion necessarily extends to matters such as
assigning weight to evidence and assessing the credibility and demeanor of
witnesses.  Kurowski, 161 N.H. at 585.  Thus, we defer to its judgment on such
matters.  In the Matter of Aube & Aube, 158 N.H. 459, 465 (2009).  As the trier
of fact, the trial court could accept or reject, in whole or in part, the testimony
of any witness or party, and was not required to believe even uncontroverted
evidence.  Brent, 132 N.H. at 418.  The trial court's factual findings are binding
upon this court if they are supported by the evidence and are not legally
erroneous.  See Kurowksi, 161 N.H. at 585.

On appeal, Husband first argues that the trial court erred by awarding
Wife alimony because it applied the statutory formula to calculate the alimony
amount without first determining the amount of her "reasonable need."  See
RSA 458:19-a, II(a) (Supp. 2021) ("The amount of a term alimony order shall be
the lesser of the payee's reasonable need, or a formula based on 23 percent of
the difference between the parties' gross incomes at the time the order is
created, unless the court finds that justice requires an adjustment.").  In
denying Husband's motion to reconsider, the court stated, "[t]he alimony
statute . . . does not require a bare bones subsistence."  We interpret this as a
finding that justice required using the statutory formula to calculate the

2

amount of the alimony award. Accordingly, we conclude that the trial court's use of the statutory formula did not constitute error.

Husband next asserts that, to the extent that the trial court found that Wife has a reasonable need for alimony, it did so in error. Husband contends that Wife does not have a "reasonable need for alimony given that her income exceeds her monthly expenses by at least $900.00 per month." However, the alimony statute does not define "need" as narrowly as Husband suggests. To determine a party's reasonable need for alimony, the statute mandates that the court "tak[e] into account the marital lifestyle and the extent to which the parties must fairly adjust their standards of living based on the creation and maintenance of separate households." RSA 458:19-a, I (Supp. 2021).

The trial court's ruling on Husband's motion to reconsider indicates that the court adhered to the statute when determining Wife's reasonable need for alimony. See Healey v. Healey, 117 N.H. 618, 621-22 (1977) (explaining that a spouse's need for alimony is "not limited to the barest necessities") (decided under prior law). Moreover, the record on appeal supports the trial court's determination that Wife has a reasonable need for alimony. Accordingly, we uphold that finding. See Kurowksi, 161 N.H. at 585.

Finally, Husband argues that the trial court's property distribution, which resulted in Wife being awarded "half of the home equity of approximately $81,000," is inequitable. "In a divorce proceeding, marital property is not to be divided by some mechanical formula but in a manner deemed just based upon the evidence presented and the equities of the case." In the Matter of Geraghty & Geraghty, 169 N.H. 404, 417 (2016) (quotation omitted). Under RSA 458:16-a, II, "an equal division of property is presumed equitable unless the trial court decides otherwise after considering one or more of the factors designated in the statute." Id. (quotation omitted). The statute lists factors that the court may consider, such as the length of marriage, ability of the parties to provide for their own needs, the contribution of each party during the marriage, and the value of property contributed by each party. See RSA 458:16-a, II. (2018) Additionally, the court may consider any other factor it deems relevant. RSA 458:16-a, II(o). The court need not consider all of the enumerated factors or give them equal weight. Geraghty, 169 N.H. at 417.

Before trial, the parties in this case agreed to much of the property distribution. They agreed that: Husband would be awarded his trucking business and that he would be responsible for the debt associated with it; Husband would also be awarded the marital home and would be responsible for the debt associated with it; and Wife would be responsible for $12,000 in credit card debt. They also agreed that $81,000 was half of the equity in the marital home. Husband proposed that Wife be awarded only $35,000 of the equity in the martial home "in return for his taking all of the . . . debt"

associated with the trucking business.  The trial court rejected his proposal, but determined that because he had "been solely responsible for the payment of the mortgage for approximately the past two years since [Wife] moved out," he was entitled to a "credit for one half of the amount" of the mortgage principal "that he has paid down" to be deducted from Wife's $81,000 share. Husband has failed to persuade us that the trial court's relatively equal distribution of the equity in the marital home constitutes an unsustainable exercise of discretion.

Appeal dismissed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**
