# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0667, <u>State of New Hampshire v. Michael Cenat</u>, the court on June 18, 2020, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Michael Cenat, appeals orders of the Superior Court (<u>Anderson</u>, J.) denying his motion to suspend his state prison sentences pursuant to RSA 651:20 (2016), and denying his motion for reconsideration. He argues that the trial court erred by not aggregating the minimum terms of consecutive sentences and by not considering the merits of his motion to suspend as it pertained to sentences that he had not yet begun to serve.

RSA 651:20, I, provides, in relevant part:

> I.  Notwithstanding any other provision of law, except as provided in subparagraphs (a), (b), and (c), the sentence to imprisonment of any person may be suspended by the sentencing court . . . in response to a petition to suspend sentence which is timely brought in accordance with the limitations set forth below in subparagraphs (a), (b), and (c).

>> (a)  Any person sentenced to state prison for a minimum term of 6 years or more shall not bring a petition to suspend sentence until such person has served at least 4 years or 2/3 of his minimum sentence, whichever is greater, and not more frequently than every 3 years thereafter. Any person sentenced to state prison for a minimum term of less than 6 years shall not bring a petition to suspend sentence until such person has served at least 2/3 of the minimum sentence, or the petition has been authorized by the sentencing court. For the purposes of this subparagraph:

>> . . .

>>> (2)  For consecutive terms of imprisonment, the minimum terms of

each sentence shall be added to arrive at an aggregate minimum term, and the maximum terms of each sentence shall be added to arrive at an aggregate maximum term.

RSA 651:20, I(a). The suspension of a sentence under this statute is not obligatory. State v. Surrell, 171 N.H. 82, 84 (2018). Rather, the trial court has broad discretion in determining whether to suspend a sentence in order to ensure that it "best meet[s] the constitutional objectives of punishment, rehabilitation and deterrence." Id. at 84-85 (quotation omitted).

We have held that the statute's silence as to the factors that the court should consider under RSA 651:20, I(a), coupled with its use of the permissive "may," demonstrates legislative intent to leave the decision as to what factors or evidence to consider in determining whether to suspend a sentence to the trial court's discretion. Id. at 88. In exercising its discretion, the trial court may consider the nature of the underlying offenses. Id. We have also held that, in light of the discretionary nature of RSA 651:20, procedural due process does not apply to sentence suspension proceedings and, thus, that a defendant has no right to a hearing under RSA 651:20. State v. Duquette, 153 N.H. 315, 317 (2006). We review a trial court's decision to deny a motion to suspend a sentence for an unsustainable exercise of discretion. Id. at 316.

The record in this case reflects that the defendant was convicted of robbery for pointing a gun at three people and demanding money. Prior to sentencing, the defendant submitted certain false written statements recommending leniency in his sentencing. On August 14, 2015, the trial court sentenced the defendant to a stand-committed state prison sentence of six to twelve years, with pretrial confinement credit of forty-five days. Thereafter, the defendant was charged with, and pleaded guilty to, falsifying evidence and conspiracy to falsify evidence based upon the false statements recommending leniency. In December 2016, the trial court sentenced him to concurrent stand-committed sentences of one to two years on the falsifying evidence and conspiracy convictions (falsification sentences), to be commenced upon his release from the robbery sentence.

On August 26, 2019, the defendant moved to suspend his sentences pursuant to RSA 651:20, I(a). In ruling on the motion, the trial court determined that the defendant had served more than two-thirds of his minimum sentence for robbery, and that he was, therefore, eligible to seek suspension of that sentence. However, the court also determined that the defendant was not eligible to seek suspension of the falsification sentences because he had not yet begun to serve them. As to the merits of the motion, the trial court ruled that, although the defendant had "made many positive strides since his December 2016 sentencing on the falsification charges," the

2

violent nature of the robbery offense, coupled with the defendant's conduct in "forging . . . positive sentencing letters [in order] to mislead the sentencing judge," continued to justify the robbery sentence. Accordingly, the trial court concluded that "this is not an appropriate case for the Court to exercise its discretion under RSA 651:20 because the current sentence is well-suited to address the goals of punishment and deterrence. Robbing strangers at gunpoint is an extremely serious crime which warrants a strong sentence."

The defendant moved for reconsideration, arguing in part that the falsification sentences amounted to "consecutive terms of imprisonment" for purposes of RSA 651:20, I(a)(2), and thus, that the court erred by not aggregating them with the robbery sentence. Because, he claimed, he had served two-thirds of his minimum sentences when aggregated,[1] the defendant argued that the trial court erred by not considering his motion as it pertained to the falsification sentences. In denying the motion for reconsideration, the trial court construed RSA 651:20, I(a)(2) so as to apply only to consecutive sentences imposed in a single case, and not to "authorize or empower trial courts to aggregate sentences issued in different cases at different times."

On appeal, the defendant argues that the trial court's interpretation of RSA 651:20, I(a)(2) is erroneous as a matter of law because it is contrary to the plain language of the statute, adds words to the statute that the legislature did not see fit to include, leads to an absurd result, and is contrary to the statute's legislative history. The defendant further argues that the trial court unsustainably exercised its discretion by refusing to consider his motion to suspend as it pertained to the falsification sentences, and by denying his motion for reconsideration. The State counters, in part, that any error of the trial court in interpreting the statute and refusing to consider the motion as it pertained to the falsification sentences was harmless. We agree with the State.

An error is harmless if it does not affect the outcome of the proceeding. See Kessler v. Gleich, 156 N.H. 488, 494 (2007); cf. State v. Cooper, 168 N.H. 161, 168 (2015) (discussing prejudice prong of plain error test). RSA 651:20, I(a)(2) concerns only when an inmate may file a petition to suspend, effectively increasing the minimum time that the inmate must serve before seeking

---

[1] In response to the defendant's motion to modify his sentences, the New Hampshire Department of Corrections calculated his earliest minimum parole eligibility date as August 30, 2021. The defendant asserts that this date accounts for both forty-five days of pretrial confinement credit and ten months of "earned time credit" under RSA 651-A:22-a (2016). Thus, he claims that August 30, 2021 reflects "an aggregate sentence of seven years, minus earned time credit." Because the State does not challenge this assertion, we will assume, without deciding, that it is correct. Likewise, because the State does not challenge the claim that the falsification sentences were "consecutive terms of imprisonment" under RSA 651:20, I(a)(2), we will also assume that this assertion is correct. We note, however, that in the sentencing forms for the falsification sentences, the trial court left blank the provision stating that the sentences were "consecutive to charge ID(s) _____." Instead, the forms specified that the sentences would commence upon the defendant's release from the robbery sentence.

3

suspension.  <u>See</u> <u>Surrell</u>, 171 N.H. at 86.  In this case, the trial court expressly considered the defendant's motion <u>on the merits</u> as it pertained to the robbery sentence.  In denying the motion, the court considered the nature of the defendant's conduct underlying <u>both</u> the robbery and falsification sentences, and concluded that, notwithstanding the defendant's "many positive strides" since December 2016, the sentence continued to be appropriate when considering the sentencing objectives of punishment and deterrence.  The defendant does not challenge this determination on appeal.  Accordingly, we see no reason why the outcome may have been different had the trial court addressed the motion to both the robbery and the falsification sentences.

<u>Affirmed</u>.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**